■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v URBAN GREENWOOD, Appellant.—Judgment of the Supreme Court, New York County (Harold Rothwax, J.), rendered July 30, 1986, convicting defendant, after a jury trial, of four counts of robbery in the first degree and three counts of attempted robbery in the second degree and sentencing him, as a persistent felony offender, to seven concurrent terms of 20 years to life, unanimously affirmed.

Defendant was convicted of robberies committed at a bar in Manhattan and attempted robberies at another Manhattan bar. Several of the victims provided descriptions and identified defendant. Among these witnesses were an off-duty police officer and a former police officer. In each case, defendant entered the bar, went to a telephone, and ordered a drink, followed by a walk to the restroom. When the defendant returned from the restroom he pulled a gun. During the robbery at the first bar, he inflicted a pistol-whipping on one victim. During the attempted robbery at the second bar, he attempted to shoot one of the victims, but the gun misfired. A struggle ensued with two of the victims, during which one of the victims smashed defendant's head several times with the butt of the gun. The witness from the first incident, who was a police officer, viewed several hundred photographs from police files, finding several which were similar to defendant, but identifying none of them. Defendant, meanwhile, was located

in a hospital where he had sought treatment for his facial injuries. Responding police officers noted the consistency of defendant's injuries with those reported by the victims of the attempted robbery. A photograph of defendant was obtained from the Department of Parole, and placed in a photo array. Defendant was arrested after the off-duty police officer witness selected his photograph from the photo array. Defendant was positively identified by several of the victims in subsequent lineups. At trial, defendant's former girlfriend testified that he had received his injuries during a physical confrontation with her brother.

Defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. Any conflict in the proof only raised issues of credibility for the jury's resolution, which we do not disturb. (See, People v Kennedy, 47 NY2d 196; People v Mosley, 112 AD2d 812, affd 67 NY2d 985.)

Nor do we find any infirmity with respect to the pretrial identification procedures. The hearing testimony was neither incredible nor improbable, and no basis exists to disturb the hearing court's determination. The photographic array, which had different fillers from that of later lineups, did not taint the lineup. Nor did defendant's facial injuries render the lineup procedure suggestive.

The trial court properly denied defendant's application to introduce evidence that defendant has been misidentified as the perpetrator of an unrelated robbery. Evidence that the defendant did not commit that uncharged robbery was not relevant to the issue of whether he committed the offenses for which he is charged (see, People v Lawson, 71 NY2d 950, 952-953).

With respect to the destruction of a pair of eyeglasses and a sample of blood by the Police Department, we find that the destruction was done inadvertently. The People established that the sample had been used up during tests, and none remained for defendant's use. With respect to the eyeglasses, we note that the People made all the proper disclosures during December of 1984 and made the evidence available for defendant's examination thereafter. Defendant never availed himself of this opportunity. Only on the first day of trial, during July of 1986, a year and a half later, did the People become aware that the evidence had been destroyed during routine police procedures. The prosecutor immediately informed defendant. Only then did defendant move to dismiss the charges. However, defendant never demonstrated how he was prejudiced by the destruction of this evidence, nor did he

explain his failure to have taken advantage of the opportunity to inspect it prior to its destruction. Defendant has waived his claim by failing to seek inspection at an appropriate time *(see, People v Allgood,* 70 NY2d 812; *People v Styles,* 156 AD2d 223, *lv denied* 75 NY2d 872). In any event, under these circumstances, considering that the destruction was inadvertent and that a particular physical evidence was not of significant value, dismissal would have been an inappropriate sanction *(see generally, People v Haupt,* 71 NY2d 929).

Defendant's claim of ineffective assistance of trial counsel is predicated on counsel's failure to inspect the evidence discussed above. Since defendant never raised a claim of ineffective assistance of counsel in his postjudgment CPL 440.10 motion, we do not have a record on which to examine defendant's claim. On the basis of the record as it exists, under the standards set forth in *People v Baldi* (54 NY2d 137), we conclude that defendant was not deprived of meaningful representation at trial. Concur—Ross, J. P., Rosenberger, Asch and Smith, JJ.