■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HYDE, Appellant.—Judgment, Supreme Court, New York County (Albert P. Williams, J.), rendered June 29, 1989, convicting defendant after jury trial of robbery in the first degree and sentencing him to an indeterminate term of from 2 to 6 years imprisonment, unanimously affirmed.

Defendant was identified by the victim, in an after-midnight crime-area showup, as the man who had just robbed her of her purse in a subway station. A "Sprint" transcript of the responding police officer's "911" transmissions revealed that the armed perpetrator had been described as 5 feet 7 inches, wearing a tweed jacket and dark pants, whereas the testimony of the officer and the victim recalled her description of the assailant as being about her height (5 feet 9 inches) and wearing a leather jacket and tweed pants. The officer's typewritten complaint report misdescribed the assailant as having worn a "blue jacket [and a] blue and red jacket", whereas the officer testified the description she received from the victim was that he had been wearing an oversized, grey leather jacket over a blue and red basketball-type jacket. The type-

written report also omitted any check in the box that would indicate use or possession of a weapon during the commission of the crime, although the narrative portion did refer to the fact that the assailant had brandished a gun toward the victim when she had initially attempted to chase him.

Defendant was apprehended on the street, after a chase through the neighborhood, in possession of neither a gun nor the victim's property.

At the close of evidence, defendant moved for sanctions, citing the prosecution's failure to produce *Rosario* material in the form of the 911 tape and the police officer's original handwritten copy of the complaint report (from which an administrative staffer had typed the final report), both of which had been destroyed by the time of trial. The imposition of such sanctions is within the sound discretion of the trial court and is not mandatory unless loss or destruction has been due to lack of due diligence in preserving the evidence, resulting in prejudice to the defendant *(People v Martinez,* 71 NY2d 937). Here there was neither lack of due diligence nor prejudice. The information in the officer's handwritten complaint report was, for the most part, faithfully copied onto a typewritten report, after which the draft was routinely destroyed. Absent a request or other indication that such drafts and 911 tapes should be preserved, routine destruction of such materials will not be viewed as a lack of due diligence *(see, People v Baez,* 166 AD2d 256; *People v Figueroa,* 156 AD2d 322, *lv denied* 76 NY2d 734). What minor discrepancies existed between the draft and final reports, and between the 911 tape and the Sprint transcript, were either easily reconciled or adequately exploited during cross examination of the prosecution witnesses at trial, obviating the necessity of additional emphasis in the form of an adverse inference charge. Concur —Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.