THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
NATHANIEL GEATHERS, Appellant.

First Department, December 19, 1991

APPEARANCES OF COUNSEL

*S. Charles Helman* of counsel *(Mark Dwyer* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

*Paul Lewis* of counsel *(Philip L. Weinstein,* attorney), for appellant.

## OPINION OF THE COURT

GEORGE BUNDY SMITH, J.

■ The issue here is the action to be taken by a court when an undercover officer has made notes of a drug transaction and has destroyed those notes prior to trial. On the facts of this case, the notes were *Rosario* material which the People were required to produce pursuant to CPL 240.45. Because of their failure to produce them, some sanction was warranted. Accordingly, we reverse the conviction and order a new trial.

The facts of the case are simple. Defendant was convicted of the criminal sale of a controlled substance in the third degree and sentenced to 1½ to 4½ years in prison. On December 8, 1988, shortly after 3:35 P.M., defendant was arrested in a "buy and bust" operation on Fifth Avenue near 129th Street. Undercover Police Officer Williams drove her car to 128th Street and parked it. She then walked to Fifth Avenue.

Officer Williams approached a woman who led her to an abandoned brownstone on Fifth Avenue near 129th Street. Officer Williams asked a man there if he had any "nicks" (five dollar bags of cocaine). The defendant spit two vials out of his mouth, gave them to the undercover and received $10 in prerecorded buy money.

· Officer Williams returned to her car and radioed a description of the defendant to her backup officers. The woman and defendant were arrested within minutes. No money or drugs were found on the defendant.

At the trial, the officer gave the following testimony about notes written in her car after making the sale. "I placed them [the drugs] in a small envelope that I keep in my car and just labeled it, the location, that I bought the drugs and other pertinent information. The description of the defendant and the time of the buy."

At this point the defense attorney objected and asked to approach the Bench. There he requested the writing testified to on the grounds that it was *Rosario* material. The court asked the prosecutor to clarify the testimony. The officer was then asked what was written on the envelope and she replied, "The time of buy, the location of buy and what is inside. These envelopes. *[sic]*"

Subsequently, the court asked the officer what she had done with the envelope and she replied, "I destroyed it." The defense attorney then moved for a mistrial or an adverse inference charge. Both were denied.

On this appeal the defendant claims he was denied his due process right to a fair trial when the envelope was destroyed and the court refused to grant a mistrial and failed to give an adverse inference charge. The People argue that the notes were not shown to be *Rosario* material *(People v Rosario,* 9 NY2d 286 [1961]) and that the defendant was not prejudiced by the missing envelope.

■ The envelope was clearly *Rosario* material. This is so whether or not the officer's first or second version of what was written on the envelope is used. The first version was that the information included "the location, that I bought the drugs * * * [t]he description of the defendant and the time of the buy." The second version was that the envelope included "[t]he time of the buy, the location of buy and what is inside. These envelopes. *[sic]*" In either case the information was relevant on the issue of the buy and should have been produced.

Moreover, *People v Wallace* (76 NY2d 953 [1990]) requires reversal here since the undercover officer stated that she wrote down a description of the seller and never retracted that statement. Identification was a major issue at the trial and defendant was clearly prejudiced when the note was not produced. In *Wal-*

*lace,* in another "buy and bust" situation, both the undercover officer and a member of the backup team wrote down a description of the seller while they were at or near the scene of the sale. Both subsequently destroyed those notes. The Court of Appeals found that the defendant was prejudiced by the destruction of the notes, concluded that the trial court should have imposed a sanction, reversed the conviction and ordered a new trial.

Even if a description of the seller was absent from the destroyed envelope and it contained solely the time and location of the buy, it constituted *Rosario* material. Moreover, no one would argue that the material should not have been produced if it was contained in a memo book of the police officer rather than on an envelope.

■ The People argue that the missing paper was the duplicative equivalent of another document already turned over. It is clear, however, that the argument that a paper is the duplicative equivalent of another is relevant only when the missing document is produced at some point and a comparison is made of the formerly missing document and material already turned over. *(See, People v Ranghelle,* 69 NY2d 56, 63 [1986]; *People v Consolazio,* 40 NY2d 446, 454-455 [1976].) Whether something is the duplicative equivalent of another cannot be based on speculation.

As to the People's argument that no prejudice was shown, it should be noted that there is a practice whereby some police officers destroy, apparently deliberately, notes taken at the time of a buy and bust operation. When this occurs, the People have not taken care to preserve *Rosario* material and a sanction is appropriate. Thus, in *People v Martinez* (71 NY2d 937, 940 [1988]) the Court of Appeals stated: "Three categories of *Rosario* violations are apparent from our decisions. The first includes cases involving delay in the disclosure of *Rosario* material. Reversal is required in such cases if the defense is substantially prejudiced by the delay *(People v Ranghelle,* 69 NY2d 56, 63). The second includes cases in which the People fail completely to provide the material to the defendant even though they continue to possess it. Such failures constitute per se reversible error requiring a new trial preceded by disclosure of the material *(People v Jones,* 70 NY2d 547, 553; *People v Novoa,* 70 NY2d 490, 499; *People v Ranghelle, supra,* at 63). Finally, there are cases where *Rosario* evidence has been lost or destroyed and cannot be produced *(see, People v Haupt,* 71 NY2d 929 [decided herewith]). Just as the People

have a duty to produce *Rosario* material they also have a correlative 'obligation to preserve evidence until a request for disclosure is made' *(People v Kelly,* 62 NY2d 516, 520; *see also, United States v Bryant,* 439 F2d 642; *People v Saddy,* 84 AD2d 175). Thus, it is no answer to a demand to produce that the material has been lost or destroyed. If the People fail to exercise care to preserve it and defendant is prejudiced by their mistake, the court must impose an appropriate sanction. The determination of what is appropriate is committed to the trial court's sound discretion, and while the degree of prosecutorial fault may be considered, the court's attention should focus primarily on the overriding need to eliminate prejudice to the defendant *(People v Kelly, supra,* at 520-521)."

█ In a "buy and bust" situation a writing by a witness about the incident, such as the one made here, whether on a scrap of paper or a memo book entry, should be preserved for subsequent court proceedings.

Accordingly, judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered on December 18, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree in violation of Penal Law § 220.39 (1) and sentencing him to an indeterminate term of 1½ to 4½ years' imprisonment, unanimously reversed, on the law, the judgment vacated and the case remanded for a new trial.

ROSENBERGER, J. P., ELLERIN and RUBIN, JJ., concur.

Judgment, Supreme Court, New York County, rendered on December 18, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of 1½ to 4½ years' imprisonment, reversed, on the law, the judgment vacated, and the case remanded for a new trial.