■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO CRUZ, Also Known as JOSE RODRIGUEZ, Appellant.—

Defendant's conviction arises out of his arrest for the sale of crack cocaine to an undercover police officer.

Although there was no objection entered by defense counsel to defendant's absence during the trial court's robing room *Sandoval* ruling, made in the presence of defense counsel and the prosecutor, the issue is preserved for appellate review. *(People v Mehmedi,* 69 NY2d 759, 760.) Nevertheless, defendant's claim on appeal that by such absence he was deprived of his right to be present at all material stages of his trial is without merit in the circumstances. *(See, People v Jordan,* 174 AD2d 490; *cf., People v Rose,* 175 AD2d 32.)

Here, the *Sandoval* ruling was based upon defendant's undisputed criminal record, and the court properly exercised its discretion in ruling, favorably for defendant, that if defendant were to testify, inquiry would be allowed only as to the dates of one prior felony conviction, one prior misdemeanor conviction, and the existence of any other felony convictions *(see, e.g., People v Lee,* 168 AD2d 267, *lv denied* 77 NY2d 908). Thus, defendant has failed to show that his absence at the time of the *Sandoval* ruling had any substantial effect upon his opportunity to defend *(see, e.g., People v Mullen,* 44 NY2d 1).

Defendant's claim of a *Rosario* violation by the arresting officer's destruction of her "scratch notes" of the undercover officer's radioed description of defendant as the drug seller, likewise is without merit. Initially, it is noted that there was no serious identification issue in this face-to-face drug sale involving an immediate drive-by confirmatory identification by the undercover officer, no sanction was requested other than an outright mistrial, and no prejudice to defendant has been shown by the officer's destruction of the "scratch notes" *(see, People v Wallace,* 76 NY2d 953). Moreover, having elicited the fact that the notes were destroyed, defense counsel failed to explore either the importance of the lost notes or the circumstances surrounding their loss.

Also without merit is defendant's claim of improper bolstering by the arresting officer's testimony that the undercover officer made a confirmatory drive-by identification of defendant as the seller. Defense counsel's objection to this brief testimony was sustained and the trial court immediately struck the testimony from the record. It is presumed that the jury followed the court's instruction *(see, People v Rodriguez,* 103 AD2d 121) and in any event, even if that testimony had not been stricken, it would be deemed harmless error in light of the substantial strength of the identification testimony in this case *(see, e.g., People v Jones,* 158 AD2d 346, *lv denied* 76 NY2d 737).

We perceive no abuse of discretion by the trial court in sustaining the prosecutor's objections, and in cautioning the defense counsel to limit further cross-examination of the police chemist regarding the "possibility" of error and the "possibility" of other tests, after that witness testified extensively, on direct and cross-examination, that she had identified the substance involved as cocaine through numerous standard testing procedures *(see, e.g., People v Rodriguez,* 64 NY2d 738).

Defendant's claim that the Trial Judge improperly delegated his judicial duties in that, after informing the jurors they were being sent to dinner and afterward would go to a hotel and directing them not to discuss the case with anyone, he told them that the court officers would give them "instructions", is unsupported by any record indicating whether such "instructions" were or were not solely ministerial in nature *(see, People v Torres,* 72 NY2d 1007). Thus, such claim is precluded from appellate review *(see, People v Charleston,* 54 NY2d 622).

Finally, there is no indication that the trial court abused its discretion in imposing a sentence considerably less than that requested by the People, after duly considering all available sentencing information, including the facts of this case, defendant's prior criminal history, the probation report, and the comments of counsel *(see, People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur—Sullivan, J. P., Kupferman and Ross, JJ.

Kassal and Smith, JJ., dissent in a memorandum by Smith, J., as follows: I would reverse the conviction for the criminal sale of a controlled substance in the third degree and remand for a new trial for two reasons. First, the trial court did not rule on defendant's motion for a mistrial following the testimony of a police officer that she had destroyed her scratch

notes. This was a "buy and bust" operation in which the officer had written down a description of the alleged seller. In a case which appears to be dispositive of this, the Court of Appeals reversed a conviction and ordered a new trial where a police officer had destroyed his scratch notes, the defendant had asked for a sanction and the court had refused to give it. *(People v Wallace,* 76 NY2d 953 [1990]; *see also, People v Geathers,* 172 AD2d 134.) As in *Wallace,* there is no dispute that the notes constituted *Rosario* material.

Second, reversal is warranted because of the absence of the defendant from a *Sandoval* hearing *(People v Sandoval,* 34 NY2d 371 [1974]). The absence of a defendant from a *Sandoval* hearing seems to be a recurring problem. When a defendant is absent the People may argue, as here, that no objection was made to the defendant's absence and only legal arguments were made. I believe that it is time to state clearly that like all other pretrial hearings, the defendant has a right to be present at a *Sandoval* hearing. *(See, People v Hubener,* 133 AD2d 233 [1987].) That hearing deals specifically with the prior criminal record of a defendant, a record which is uniquely within the knowledge of a defendant, and the testimony of a defendant should he or she take the stand.

In this particular case, the record reveals only that the court made its *Sandoval* decision followed by questions from the attorneys and a clarification of the decision. It is at least conceivable and more likely probable that some discussion of the prior record of the defendant was had before the court put its decision on the record.

For these two reasons, reversal is required.