■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McMAHON, Appellant.—Judgment, Supreme Court, Bronx County (Edward Davidowitz, J., at hearing and trial), rendered June 21, 1988, convicting defendant, after a jury trial, of four counts of first degree robbery and sentencing him to four concurrent terms of imprisonment of from 8 to 24 years, unanimously reversed, on the law, and the matter is remanded for a new trial.

Over the course of several weeks, defendant allegedly robbed four women, three of whom lived in the same building complex. The robberies all took place in or near the apartment elevator. All four victims identified defendant in lineups held six to eight months later. In the course of his lengthy investigation of these crimes, which involved the implication and ultimate exoneration of a completely different suspect, the detective in charge of the investigation generated some 23 official reports of his activities, including interviews with the victims. These reports, the detective testified, were "transposed" from handwritten notes made in five different spiral notebooks, which the detective thereafter destroyed.

Defendant made a timely *Rosario (People v Rosario,* 9 NY2d 286) objection based on the People's failure to turn over the contents of the notebooks to the defense by moving, in the alternative, for a mistrial or preclusion of the detective's testimony. The trial court, finding no *Rosario* violation, denied defendant any relief. We disagree and reverse.

In *People v Wallace* (76 NY2d 953), a "buy and bust" drug sale prosecution where the main issue, as here, was the identification of defendant, the undercover officer who purchased the contraband wrote down defendant's description as he was broadcasting it over his police radio. The arresting officer, as he received the transmission, simultaneously recorded the description. Both officers destroyed their respective notes prior to trial. The Court of Appeals reversed the conviction on *Rosario* grounds, holding that the defendant was prejudiced by the nonproduction of the written descriptions, and that "[t]he undercover officer's claim that he incorporated the description of defendant into his 'buy' report did not alleviate that prejudice. There is no way to know whether the

description contained in the 'buy' report matched those contained in the lost notes." *(Supra,* at 955.)

The same result must follow here, inasmuch as the trial court imposed no sanction whatsoever for the intentional *Rosario* violation *(People v Martinez,* 71 NY2d 937, 940). There is no merit to the People's contention that the detective's assurance at this trial that he "transposed" the contents of the spiral notebooks into his reports carries more reliability than the "incorporation" found insufficient in *Wallace.* No comparison with the unproduced material is available to support a finding that the official reports constituted a "duplicative equivalent" *(cf., People v Consolazio,* 40 NY2d 446, 454).

Since there may be a new trial, we consider and reject defendant's argument that it was error to prohibit him from introducing evidence that the victims of two other elevator robberies in a building located elsewhere failed to identify him in a lineup. There was no distinct modus operandi in any of the six robberies to support defendant's claim that the same person must have committed all of them. While prior to defendant's arrest there may have been speculation on the part of the police that the same individual was the perpetrator, the mere similarity in the descriptions of the robber, and the fact that all but one of the incidents occurred in an elevator, do not establish with any acceptable degree of probability that one person committed these crimes *(People v Johnson,* 62 AD2d 555, *affd* 47 NY2d 785, *cert denied* 444 US 857). Thus, the evidence that victims of two unrelated robberies did not identify defendant was not relevant to the issue of whether he committed these four charged robberies *(People v Greenwood,* 166 AD2d 353, *lv denied* 77 NY2d 839). Concur— Rosenberger, J. P., Wallach, Ross and Smith, JJ.