■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered July 22, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We agree with the defendant that the People's failure to produce certain *Rosario* material requires a new trial. During the testimony of the forensic chemist, who was the People's last witness, it was revealed that the arresting officer prepared a form or forms to request analysis of the substances seized from the defendant. After the People rested, the defense counsel asked the court to strike the arresting officer's testimony on the ground that the People never turned over the laboratory request forms. The prosecutor stated that he would call his office to see if any such forms existed. The defense counsel also asked the court to issue an adverse inference charge. The court denied the motions, but stated that it would immediately declare a mistrial if it found "something really glaring" in the forms. When two forms were finally produced during jury deliberations, the defense counsel reiterated his objections. The court, however, found that no sanction was necessary since the defendant had not been prejudiced by the late disclosure of the forms.

During oral argument on appeal, the People expressly conceded that the forms in question were *Rosario* material. The People merely contended that, by not specifically requesting a mistrial, the defendant failed to preserve the issue. The record clearly reveals that the defendant unambiguously objected to the nondisclosure of the forms at a time when the court could have imposed a reasonable sanction *(cf., People v Rogelio,* 79 NY2d 843). There is no basis for concluding that the defendant subsequently waived his objection when the forms were produced during deliberations, at which time the only remedy available was a mistrial *(see, People v Goins,* 73 NY2d 989). Accordingly, there must be a new trial. As the Court of Appeals held in *People v Ranghelle* (69 NY2d 56, 64), the "failure to produce *[Rosario* material] before the evidence was closed was not a 'mere delay'; it constituted a complete failure to comply with the *Rosario* rule", which is *per se* reversible error.

We also note that the court should have fully set forth on the record its basis for replacing a juror, who failed to appear as scheduled, with an alternate. After jury selection on Friday, June 21, 1991, the court instructed the jurors to appear on Monday, June 24, 1991, at 10:30 A.M. for the commencement of the trial. However, juror number 8 failed to appear. At 11:40 A.M., the court, over objection, discharged the absent juror, announcing "Juror number eight has not shown up. There is no answer at his house. We have called. We are going to replace him". The record does not reveal when the juror

was called or whether more than one call was made. Although we do not determine whether as a matter of law the court erred in finding that the absent juror was "unavailable" and had to be replaced *(see,* CPL 270.35; *People v McDonald,* 143 AD2d 1050, 1051), we remind the court that it should have indicated on the record the facts to show that it had conducted "a reasonably thorough inquiry" *(People v Washington,* 72 NY2d 69, 73).

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Rosenblatt and Lawrence, JJ., concur.