■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MARTINEZ, Also Known as RAFAEL MARTINES, Appellant.—Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered June 19, 1991, convicting the defendant, upon a jury verdict, of criminal possession of a weapon in the third degree and sentencing him, to an indeterminate term of imprisonment of from two and one-third to seven years, unanimously reversed, on the law, and the matter is remitted for a new trial.

We agree with the defendant that a reversal of his conviction is warranted based on the trial court's refusal to impose any sanction for the loss of Rosario material. The lost "request for laboratory examination" form was filled out by the arresting officer when he sent the gun, which formed the basis of the defendant's arrest, for a ballistics analysis. This form contained a "Details of Offense" section in which the officer testified that he indicated from where the gun was recovered. At trial, the officer testified that the gun was recovered from the rear tire of a van. However, another officer testified that he recovered the gun from the left front tire of the van. The defendant denied ever possessing the gun.

Contrary to the trial court's determination, the defendant was prejudiced by the unexplained loss of the form. The prosecutor initially assured the court that the form contained no narrative other than the voucher number and nature of

the weapon and, therefore, duplicated the gun voucher and the ballistics detective's report which had been turned over to the defendant. The arresting officer testified that the form contained a statement as to the location from which the gun was recovered, and the officers' testimony conflicted as to this location. The trial court abused its discretion in declining to impose a sanction as the defendant was clearly prejudiced by the loss of the form *(People v Wallace,* 76 NY2d 953; *People v Martinez,* 71 NY2d 937).

In light of the foregoing, we do not reach the defendant's remaining contentions. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.