■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHONDELL R. BUTLER, Appellant. [596 NYS2d 276] —Judgment unanimously reversed on the law and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant was charged with the robbery of one woman and attempted robbery of another as the women were walking together in a suburban residential area. One of the victims was unable to identify defendant positively at a showup conducted within minutes of the crime. Moreover, there were discrepancies between the two victims' descriptions of the robber's clothing and appearance and discrepancies between the descriptions of the robber given before and at trial by one of the victims.

At defendant's combined *Wade-Huntley* hearing, the police officer who responded to the robbery call testified that he had made handwritten notes of the victims' descriptions of the robber and that, after defendant's arrest, he "transferred" the

contents of his notes into his five-page written report. The officer further testified that, when his note pads are used up, he destroys them. Therefore, the notes of his initial interview with the victims were destroyed. Defense counsel attempted to make a record of the circumstances under which the notes were destroyed and asked the court to impose a sanction. The suppression court refused to allow counsel to argue in support of a sanction or to make a record, observing that the notes were destroyed and that counsel should not waste further time on that point. At trial, defendant also sought a sanction concerning the original notes. That request was denied.

A defendant is entitled to the production of *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765)* at a pre-trial suppression hearing *(see, People v Banch,* 80 NY2d 610, 615; *People v Malinsky,* 15 NY2d 86). The destruction of the notes in this case, where identification was a principal issue, was prejudicial *(see, People v Wallace,* 76 NY2d 953, 955) and the hearing court's denial of defense counsel's request to make a record was error. It was an abuse of discretion for the trial court to impose no sanction *(see, People v Banch, supra,* at 616; *People v Wallace, supra; People v Martinez,* 71 NY2d 937, 940). The fact that the substance of those notes was incorporated into the officer's written report "did not alleviate that prejudice" *(People v Wallace, supra,* at 955; *see also, People v Rivas,* 184 AD2d 794; *People v McMahon,* 180 AD2d 535; *People v Mack,* 180 AD2d 824). Under the circumstances, defendant is entitled to a new *Wade* hearing and a new trial.

We reject the People's contention that the officer's written report was a duplicative equivalent of the notes. The People failed to establish that the report contained an accurate and complete transcription of the notes or that it was a copy of those notes *(see, People v Young,* 79 NY2d 365, 370; *People v Dunn,* 185 AD2d 54; *People v McMahon, supra).* "Whether something is the duplicative equivalent of another cannot be based on speculation" *(People v Geathers,* 172 AD2d 134, 137, *lv denied* 79 NY2d 1049). Moreover, because the notes were destroyed, we have no means of determining whether the report constituted a duplicative equivalent *(see, People v Dunn, supra).*

The trial court also erred in failing to respond to jury requests for further instructions *(see, People v O'Rama,* 78 NY2d 270) and by refusing, over objection, to direct the stenographer to re-read the cross-examination testimony of

Officer Petterelli regarding one of the victim's involvement in the showup procedure.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Robbery, 2nd Degree.) Present—Pine, J. P., Balio, Lawton, Boomer and Davis, JJ.