■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIASIN ROSADO, Appellant. [604 NYS2d 704] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered January 30, 1991, convicting defendant, after a jury

trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's argument that the court's adverse inference instruction was inadequate to dispel the prejudice caused by the destruction of the undercover officer's handwritten description of the seller is unpreserved for appellate review as a matter of law, defendant having requested what he characterizes as a "missing evidence" instruction to which he made no objection after it was given, and we decline to review in the interest of justice. If we were to review, we would find that the sanction was more than adequate, the possibility that defendant was prejudiced being remote. The undercover officer testified that the information contained in his handwritten description was incorporated into the more complete typewritten report given to defendant, and any discrepancies between the descriptions given by the undercover and backup officers were either reconciled or fully explored on cross-examination (cf., People v Hyde, 172 AD2d 305, lv denied 78 NY2d 1077). We have considered defendant's remaining argument that the court's supplemental instruction on the meaning of "lack of evidence" was confusing, and find it to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Rubin, JJ.