■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RODRIGUEZ QUILES, Appellant. [604 NYS2d 154] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered April 2, 1992, convicting him of burglary in the second degree, grand larceny in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At the scene of the crime, a detective interviewed an eyewitness and took notes of that interview. During a pretrial suppression hearing the detective indicated that he had incorporated the notes into a written statement, which was reviewed by the eyewitness and signed. After the eyewitness read and signed this statement, the detective destroyed the notes. Although the sworn statement indicated that the defendant was wearing a black jacket at the time of the burglary, the eyewitness testified that he never gave such information to the detective. The defendant moved for dismissal of the indictment or the preclusion of the eyewitness's testimony and/or his identification of the defendant as a sanction for the destruction of the notes (see, People v Rosario, 9 NY2d 286, cert denied 368 US 866).

Initially, we note that the trial court erred in ruling that the destroyed notes were the duplicative equivalent of the eyewitness's written statement. Where a document is unavailable for comparison, the trial court generally has no means of determining whether it constitutes a duplicative equivalent of another document (see, People v Butler, 192 AD2d 1126; People v Dunn, 185 AD2d 54). However the trial court properly found that the notes had not been destroyed in bad faith, since they were not destroyed until they were incorporated in a written statement which had been reviewed and signed by the eyewitness. Further, the witness was vigorously impeached during cross-examination with respect to the inconsistent description of the clothing worn by the alleged perpetrator, as reflected in the signed statement prepared by the detective. The defendant also had a full opportunity to cross-examine the detective with respect to the destroyed notes. Apparently satisfied that these

issues had been adequately raised before the jury, the defendant made no further request for a lesser sanction, such as an adverse inference charge, at the trial.

The defendant was not entitled to the extreme sanction of either dismissal or preclusion which he requested at the suppression hearing (see, People v Martinez, 71 NY2d 937; People v Kelly, 62 NY2d 516). In addition, since no adverse inference charge was requested at the trial, the court did not err in failing, sua sponte, to impose such sanction (see, People v Holmes, 188 AD2d 618; People v Roberts, 178 AD2d 622; People v Sandore, 175 AD2d 660; cf., People v Wallace, 76 NY2d 953).

Further, the trial court did not err in allowing the detective to testify as to the eyewitness's pretrial identification of the defendant. The eyewitness made an equivocal identification at trial and therefore the trial court properly allowed the testimony of the detective (see, CPL 60.25; People v Bayron, 66 NY2d 77; People v Byrd, 163 AD2d 407; People v Ponton, 90 AD2d 799). Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.