◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN COLEMAN, Appellant. [613 NYS2d 689] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Milano, J.), rendered December 10, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that he was denied a fair trial by the People's failure to retain and to produce certain *Rosario* material *(People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), i.e., a manila envelope which contained items recovered from the defendant and on which was written the defendant's name, the time and place of his arrest, and perhaps the contents of the envelope. (The record is unclear regarding whether or not the contents of the envelope was written on it.) This issue is unpreserved for appellate review because the defendant made no objection to the People's failure to retain and to produce the manila envelope until after the jury had been charged and was deliberating *(cf., People v Dunn,* 185 AD2d 54, 57). In any event, the defendant was not entitled to a mistrial, which was the only sanction that he requested. A mistrial for this error would be tantamount to a dismissal since the lost *Rosario* material would not be available at a new trial. Moreover, a dismissal would be too drastic a remedy *(see, People v Haupt,* 71 NY2d 929, 930-931; *People v Kelly,* 62 NY2d 516, 521). At most, the defendant was entitled to an adverse inference charge. However, since the only sanction he requested was a mistrial, the trial court did not improvidently exercise its

discretion in denying his request *(see, People v Rice,* 75 NY2d 929; *People v Roberts,* 178 AD2d 622).

The defendant was not denied a fair trial by the undercover police officer's testimony that he observed the defendant exchanging something for money with several people before he approached the defendant to buy drugs. This testimony was inextricably interwoven with the entire transaction. It was also necessary to complete the narrative and to explain why the defendant was targeted by the undercover police officer *(see, People v Bowden,* 157 AD2d 789, 790; *People v Brockington,* 126 AD2d 655, 656). Moreover, it was admissible with regard to the issue of identity, a disputed element of the crime charged *(see, People v Carter,* 77 NY2d 95, 107).

We have examined the defendant's remaining contentions, and find them to be without merit. Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.