◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ANDERSON, Appellant. [634 NYS2d 715] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garson, J.), rendered March 30, 1993, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

At a little after midnight on November 16, 1991, as the two complainants waited for a traffic light to change at an intersection in Brooklyn, they were accosted by three black men, who robbed them at gunpoint of their money, jewelry, and automobile. By the complainants' own estimate, the entire incident was over in less than two minutes. The complainants were unable to give the police a physical description of two of the robbers. One of the complainants remembered that the gunman had been wearing a blue sweater or "hoody" and a black leather jacket.

In less than half an hour the police located the stolen car and drove the complainants around the surrounding neighborhood. About four blocks away from the abandoned vehicle, the complainants spotted the defendant standing on a street corner with a group of five black men and two black women and identified him as the gunman. When he was apprehended, the defendant was wearing a dark jacket that was not leather. When searched, he was found to have none of the stolen money or other property, and he did not have a gun. The defendant at all times maintained his innocence and presented two alibi witnesses at trial.

There were marked discrepancies between the description of the gunman in the typed complaint report (mustache and Jamaican accent) and the description of the defendant in his on-line booking sheet (beard, mustache, and an unusual protruding gold tooth). The original complaint report, which had been only partially filled out by Police Officer Marino, was lost. The subsequent, completed complaint report, which had been handwritten by Officer Marino's partner, Officer Manning, was also misplaced. The defense counsel had received only a typewritten complaint report, which had been prepared by typists purportedly from the lost scratch report drafted by Officer Manning. When the defense counsel attempted to question Officer Manning regarding the whereabouts of his scratch report, the court sustained the prosecutor's objection and thereafter ruled that there was no missing *Rosario* material. Accordingly, the court denied the defendant's motion for a mistrial as well as his subsequent application for an adverse inference charge.

When a police officer's scratch notes are lost because of lack of due care, a trial court must impose some sanction if the defendant was prejudiced *(People v Wallace,* 76 NY2d 953; *People v Martinez,* 71 NY2d 937). A defendant is by definition prejudiced when identification is an issue in the case and the scratch notes "would have been helpful to [him] in cross-examining the officers" *(People v Wallace, supra,* at 955). It cannot be denied that identification was a significant issue in this case, and that the two officers' missing scratch notes would have been helpful to the defendant in his cross-examination of the police officers *(see, e.g., People v Butler,* 192 AD2d 1126).

While we conclude that Officers Marino and Manning failed to exercise due care to preserve their initial "scratch" reports, if they had any explanation for the loss of these notes, they were foreclosed from presenting it when the court sustained the prosecutor's objection to defense counsel's inquiry into the

matter *(cf., People v Boyd,* 189 AD2d 433; *People v Cruz,* 179 AD2d 529, *revd on other grounds* 81 NY2d 738; *People v Hyde,* 172 AD2d 305). Moreover, under these circumstances, the loss of "scratch" notes cannot be excused on the ground that the final, typed report is the duplicative equivalent of the missing writings *(see, e.g., People v Joseph,* 86 NY2d 565; *People v Butler, supra).* Finally, the defense counsel demanded the reasonable remedy of an adverse inference charge after his original request for a mistrial was denied *(cf., People v Coleman,* 205 AD2d 795, *lv denied* 84 NY2d 824; *People v Quiles,* 198 AD2d 448, *lv denied* 83 NY2d 857).

Reversal is therefore required under the rule in *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), because: (1) there was a serious identification issue, (2) the defendant was prejudiced by his inability to cross-examine witnesses using the missing notes, (3) the defense counsel requested the proper sanction—an adverse inference charge—but his application was denied and no sanction was imposed, and (4) the defense counsel tried to explore the circumstances of the loss of the notes, but was foreclosed from his inquiry by the court *(cf., People v Cruz, supra).*

In view of the foregoing determination, we need not reach the remaining issues raised by the defendant on this appeal. Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.