■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY AVALLONE, Appellant. [636 NYS2d 771] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered April 30, 1993, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Since the medical evidence overwhelmingly established the fact, and the extent, of the victim's injuries, the loss of the "aided card", filled out by the responding police officer, indicating that injuries had been reported, did not result in such prejudice to defendant as to require a *Rosario* sanction (*People v Hyde*, 172 AD2d 305, *lv denied* 78 NY2d 1077; *cf., People v Wallace*, 76 NY2d 953). Nor was the loss of the card, which had been logged in but subsequently misplaced, due to either bad faith or lack of diligence. Defendant's claim that cross-examination of his wife indirectly violated the *Sandoval* ruling is unpreserved for appellate review as a matter of law, and in any event without merit, the prosecutor having elicited only that there had been a "dispute" between defendant and his wife. Also unpreserved is defendant's claim that the prosecutor violated the *Sandoval* ruling in cross-examining him about whether he had been fired from his job because of an assault on a co-worker, which would not in any event warrant reversal in view of the overwhelming evidence of defendant's guilt. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.