■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE PALMA, Appellant. [638 NYS2d 79] —Judgment, Supreme Court, Bronx County (Ira Globerman, J., at hearing; George Covington, J., at trial and sentence), rendered March 5, 1991, convicting the defendant, after jury trial, of rape in the first degree, sexual abuse in the first degree, two counts of robbery in the first degree, two counts of robbery in the second degree, three counts of criminal possession of a weapon in the second degree, assault in the second degree, and two counts of criminal possession of stolen property in the fourth degree, and sentencing him to concurrent terms of $8^1/_3$ to 25 years on the rape count, $2^1/_3$ to 7 years on the sexual abuse count and $2^1/_3$ to 7 years on the second degree assault count, to run consecutively to concurrent terms of $12^1/_2$ to 25 years on the first degree robbery counts, 5 to 15 years on the second degree robbery counts, 5 to 15 years on the three weapon possession counts, and $1^1/_3$ to 4 years on the criminal possession of stolen property counts, unanimously reversed, on the law, and the matter remanded for a new trial. Appeal from the order of Supreme Court, Bronx County (George Covington, J.), entered on or about October 3, 1994, which denied the defendant's CPL 440.10 motion to vacate the judgment of conviction, is dismissed as academic in light of reversal of the judgment of conviction.

The defendant was convicted of acting in concert with two other individuals to commit the armed robbery of a bodega. He

was also individually convicted of the rape of a woman who was working at the store at the time of the robbery. At trial, the female complainant testified that she and another employee were closing the store when three armed people came in, announced a hold-up and instructed them to keep calm if they did not want to be killed. She asked if she could go to the bathroom, and one of the robbers told the defendant to take her. She testified that the defendant then dragged her by her hair to the back of the store, and hit her with the gun on her stomach, arm, and back. While in the unlit bathroom, the defendant told her to take off her clothes and turn her back. He then raped her. She testified that after the rape, the defendant forced her to open the safe, took what was inside and tied her up in the bathroom. A serology test conducted on the complainant came back negative for the presence of sperm, but her testimony indicated that she did not know whether the defendant ejaculated when he raped her.

The defendant also testified at trial, admitting his participation in the robbery, but denying commission of the rape. The defendant contended that the complainant misidentified him as the person who raped her during the robbery. He also testified that the police had taken his underwear at the precinct "to see if he was with a woman or not".

One of the arresting officers, who later testified at trial, had taken all three defendants' underpants at the police precinct at the time of their arrest and submitted them for laboratory analysis. According to the affirmation of defendant's appellate counsel, submitted in support of defendant's CPL 440.10 motion to vacate the judgment, the three forms this officer prepared for analysis of each suspect's underwear were never turned over to the defense. Along with other information about both the rape and the robbery, the forms contained a "Details of Offense" section in which the officer wrote a brief synopsis of the crimes. The officer's trial testimony did not address making requests for laboratory analysis, or the results received therefrom. The test results, which were never introduced at trial, indicated that the defendant's underwear tested negative for sperm, while the underwear of one of the other defendants tested positive.

The People's failure to make the request for laboratory analysis forms available to the defense requires reversal of the defendant's conviction, and that a new trial be ordered (CPL 240.45; *People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866). The affirmation submitted by appellate counsel set forth sufficient factual detail to support the claimed *Rosario* violation,

and was otherwise appropriate given that trial counsel's failure to submit his own affirmation was explained by his desire to protect himself from a charge of ineffectiveness (CPL 440.30 [1]; *cf., People v Morales*, 58 NY2d 1008 [no explanation for trial counsel's failure to submit affidavit]).

Since the request for laboratory analysis forms constituted prior statements of the testifying witness (*see, e.g., People v Martinez*, 187 AD2d 304 [request for ballistics examination]; *People v Johnson*, 191 AD2d 709 [same]; *People v Ortiz*, 185 AD2d 998 [narcotics analysis]), sufficiently related to the witness's testimony concerning his role as an investigating and arresting officer as to both the robbery and the rape charges (*see, People v Perez*, 65 NY2d 154), the complete failure to turn these forms over to the defense requires *per se* reversal, without regard to harmless error analysis (*People v Jones*, 70 NY2d 547; *People v Novoa*, 70 NY2d 490; *People v Ranghelle*, 69 NY2d 56, 63).

The People contend that the proper remedy for the claimed *Rosario* violation is reversal of the rape charges, without disturbing the robbery counts, because the evidence was prepared primarily in furtherance of the rape investigation, and, in any event, the defendant admitted his participation in the robbery (*People v Baghai-Kermani*, 84 NY2d 525). The limited reversal advanced by the People would not cure the *Rosario* violation here, however, because unlike *Baghai-Kermani*, the officer who prepared the lab request forms testified as to both the robbery and the rape charges, and the forms contained information pertaining to both crimes (*compare, People v Baghai-Kermani, supra*, at 532 [testimony strictly limited to two of ten counts in indictment]). In this situation, reversal of the entire judgment is required, regardless of our evaluation of the potential impeachment value of the documents with respect to the robbery, mindful that this Court's retrospective analysis of the utility of a piece of evidence should not be substituted for that of the "single-minded [devotion of] counsel for the accused" at the time of trial (*People v Rosario, supra*, at 290; *People v Banch*, 80 NY2d 610, 615; *People v Perez, supra*, at 160; *see, People v Novoa, supra*, at 499). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.