THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY REYNOLDS, Appellant. [639 NYS2d 833]

This appeal arises out of an incident which took place on July 9, 1991, at approximately 3:20 A.M., when the defendant and another person entered a 7-Eleven store located in East Northport, told the store clerk that they had a gun, and demanded money. At the time, a store customer observed one of the perpetrators holding a shiny object, which appeared to be a gun, covered by a hat. The defendant and his accomplice left the crime scene in a vehicle driven by a third perpetrator. They were apprehended in a vehicle by police about three miles away.

The defendant asserts that his right to Rosario material was violated because the prosecution failed to turn over notes taken by an investigating officer while questioning the store clerk and customer at the scene. We agree.

The defendant argued to the trial court on several occasions that nondisclosure of the notes violated his Rosario rights. While the store clerk was on the witness stand, the defendant argued that he was entitled to the notes and sought a sanction based on this nonproduction. Thereafter, while the customer was testifying, the defendant argued that he needed the notes in order to properly cross-examine the witness. During summations, the defendant addressed the missing notes briefly, but did not seek a mistrial. Under these facts, this issue is

preserved for appellate review *(see, People v Ortiz,* 185 AD2d 998; *cf., People v Rogelio,* 79 NY2d 843).

Contrary to the People's contention, the notes of the investigating police officer constituted *Rosario* material which should have been provided to the defense *(see, People v Wallace,* 76 NY2d 953; *People v Ranghelle,* 69 NY2d 56; *People v Anderson,* 222 AD2d 442). Since the prosecution failed in its obligation to deliver such material to defense counsel, this failure constitutes per se error requiring that the conviction be reversed and a new trial ordered *(see, People v Ranghelle, supra,* at 63).

There is no merit to the People's contention that the "duplicative equivalents" exception to this per se reversal rule should apply. The record does not indicate that the officer's notes were lost or destroyed. Even if we assume that this material was lost or destroyed, the notes cannot be considered the "duplicative equivalents" of any disclosed material since they were never made available for inspection *(see, People v Joseph,* 86 NY2d 565; *People v Anderson, supra).*

There is no merit to the People's contention that the holding of the Court of Appeals in *People v Joseph (supra),* should be applied only prospectively *(cf., People v Mitchell,* 80 NY2d 519; *People v Douglas,* 205 AD2d 280; *see generally, People v Pepper,* 53 NY2d 213, *cert denied* 454 US 967).

The defendant's remaining contentions are without merit. Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.