■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERWIN WHITE, Appellant. [649 NYS2d 156] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered December 20, 1994, convicting him of burglary in the third degree, possession of burglar's tools, and criminal mischief in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

In the early morning hours of December 21, 1993, Police Officer John McDougal received a radio transmission about a burglary that had occurred at a laundromat. Officer McDougal recognized the names and descriptions of both the alleged perpetrators and therefore parked near where he believed they lived. About 45 minutes after the radio transmission, McDougal saw the defendant walking toward him, and, after calling for assistance, apprehended him. When McDougal told the defendant to stop, the defendant asked, "why are you stopping me?". McDougal responded, "just stay there". Then, the defendant declared, "I didn't break in anywhere". Officer McDougal memorialized the defendant's statement in his memo book.

The defendant alleges that the court erred by not giving an adverse inference charge in light of the People's failure to turn over the memo book maintained by the arresting officer. Although the officer testified that he conducted a thorough search for the memo book in question, he claimed he was unable to find it. He claimed that he generally stored his memo books in either his locker or an old bathtub at home. The officer claimed that the memo book was probably lost when the police station was moved.

When a police officer's memo book is lost because of lack of

due care, a trial court *must* impose *some* sanction if the defendant was prejudiced *(People v Wallace,* 76 NY2d 953; *People v Martinez,* 71 NY2d 937). A defendant is by definition prejudiced when identification is an issue in the case and the memo book "would have been helpful to [him] in cross-examining * * * officers" *(People v Wallace, supra,* at 955; *see, e.g., People v Butler,* 192 AD2d 1126).

Further, it must be noted that the officer failed to exercise due care to preserve his memo book *(see, People v Boyd,* 189 AD2d 433; *People v Cruz,* 179 AD2d 529, *revd on other grounds* 81 NY2d 738; *People v Hyde,* 172 AD2d 305). In circumstances of this sort, the loss of a memo book cannot be excused on the ground that a so-called "85-A report" contains the "duplicative equivalent" of the missing writings *(see, e.g., People v Joseph,* 86 NY2d 565; *People v Butler, supra).* Finally, defense counsel demanded the reasonable remedy of an "adverse inference charge" to cure the prejudice caused by the failure to locate the memo book *(cf., People v Coleman,* 205 AD2d 795; *People v Quiles,* 198 AD2d 448). The trial court, however, declined to impose any sanction.

Reversal is therefore required under the rule of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), because there was a serious identification issue, the defendant was prejudiced by his inability to cross-examine using the missing memo book, and defense counsel requested the proper sanction—an adverse inference charge—but his application was denied *(see, People v Joseph,* 86 NY2d 565, *supra).*

Viewing the evidence, in the light most favorable to the prosecutor *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In view of the foregoing determination, we need not reach the remaining issues raised by the defendant on this appeal. Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.