■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMMY HUYNH, Appellant. [649 NYS2d 160] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered April 13, 1995, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Where the People fail to exercise due care in preserving *Rosario* material and the defendant is prejudiced thereby, the trial court must impose an appropriate sanction and its failure to do so requires reversal *(see, People v Joseph, 86 NY2d 565)*. In this case, the trial court erred in refusing to impose any sanction and a new trial is required in light of this prejudicial error.

The complainant had made a telephone call to the 911 emergency number. Although the People were served with the defendant's omnibus motion requesting, among other things, disclosure of the tape recording of that call approximately 40 days after the creation of the recording, the People did not subpoena the tape for at least another 50 days. By that time they had good reason to believe that the tape had been destroyed pursuant to police procedure. This delay on the part of the People reflects a failure to exercise due care.

Moreover, a defendant is by definition prejudiced where, as in this case, identification is an issue and the destroyed *Rosario* material contains a witness's description of the perpetrator *(see, e.g., People v Anderson, 222 AD2d 442)*.

Finally, under this circumstance where the 911 tape was destroyed and was thus no longer available for judicial inspection, it cannot be deemed the "duplicative equivalent" of the so-called "Sprint report" which was disclosed to the defendant *(see, People v Joseph, supra, at 569)*. Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.