■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARINO PAVON, Appellant. [650 NYS2d 702] —Judgment, Su-

preme Court, New York County (Herbert Altman, J.), rendered March 27, 1995, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him to concurrent terms of 2 to 6 years and $1^1/_2$ to $4^1/_2$ years, respectively, unanimously affirmed.

The court appropriately denied defendant's motion to suppress identification testimony. Since defendant failed to request that the group of 399 photographs through which he had been identified be made available to the Trial Judge, his present claim in that regard is unpreserved. In any event, the prosecution is not required to produce voluminous collections of photographs (see, People v Campos, 197 AD2d 366, lv denied 82 NY2d 892). Defendant's remaining argument concerning the identification is without merit.

The trial court properly permitted the prosecutor to exercise a peremptory challenge, notwithstanding defendant's objection pursuant to Batson v Kentucky (476 US 79). The reason advanced by the prosecution for excluding the prospective juror was clearly not pretextual (see, People v Payne, 88 NY2d 172).

Defendant's Rosario claim is without merit. Defendant was not entitled to a sanction for the destruction of an unrequested 911 tape in the course of routine police procedure (People v Hyde, 172 AD2d 305, 306, lv denied 78 NY2d 1077).

Defendant's ineffective assistance of counsel claim is based entirely on speculation concerning a potential alibi witness, and is unreviewable on the present record. Concur—Rosenberger, J. P., Ross, Williams, Mazzarelli and Andrias, JJ.