■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BURCH, Appellant. [657 NYS2d 77] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Burke, J.), rendered November 16, 1994, as amended November 22, 1994, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of stolen property in the third degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment, as amended, is affirmed.

Contrary to the defendant's contention, the record supports the hearing court's conclusion that the pretrial lineup was not suggestive in any way. While the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged, there is no requirement that a defendant must be accompanied by individuals nearly identical in appearance (*see, People v Cintron,* 226 AD2d 390).

Based on the record, we do not find that defense counsel adequately established that a timely request was made for production of the tape of a telephone call to the 911 emergency number. Defense counsel stated at trial that she "believe[d]" the tape had been requested. For the first time on appeal, the

defendant claims that a request was made on September 8, 1993. However, this date is dehors the record. Accordingly, the defendant was not entitled to a sanction for the People's failure to preserve the 911 telephone tape which was destroyed during the course of routine police procedure (*see, People v Pavon*, 234 AD2d 82).

Assuming that a timely request for the tape had been made, it cannot be said that the defendant was in any way prejudiced by the nonproduction of the tape. The complainant testified on cross-examination by the defendant's attorney that his initial description of the defendant given to the 911 telephone operator was the same as that contained in a so-called "Sprint" report. He explained that the contents of the "Sprint" report were the extent of the information given to the 911 operator because that is what she had asked for. In addition, he testified that he told the 911 operator that the defendant was wearing a bandanna, black pants, and either a black T-shirt or a black T-shirt with white paint. There is no indication in the record that the description of the perpetrator was ever other than how the complainant described him during the telephone call to the 911 number (*cf., People v Anderson*, 222 AD2d 442). Moreover, it should be noted that the testimony of the complainant was not impeached in any way at trial. Thus, the defendant's ability to cross-examine the telephone caller to 911 was not impaired (*see, People v Poole*, 48 NY2d 144).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur. [*See*, — AD2d —, Feb. 17, 1998.]