■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL APONTE, Appellant. [659 NYS2d 443] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered April 25, 1994, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the third degree, menacing in the second degree, and possession of burglar's tools, and sentencing him, as a second violent felony offender, to concurrent prison terms of 7 to 14 years on the burglary and robbery convictions and 1 year on each remaining conviction, unanimously modified, on the law, to reduce the sentence on the third degree robbery conviction to a term of $3^1/2$ to 7 years, and otherwise affirmed.

The court properly declined to impose a sanction for the inadvertent loss of physical evidence during routine police procedures. Despite proper disclosure by the People and the availability of the evidence for defendant's examination, defendant never availed himself of this opportunity. It was not until many months later, after jury selection, when the loss of the evidence was discovered, that defendant moved to dismiss the charges and suddenly claimed that this evidence was "critical to the defense". While the People have an obligation to preserve evidence until a request for disclosure is made (*People v Kelly*, 62 NY2d 516, 520), in this case defendant "never sought its production or expressed an interest in performing independent tests until its [loss] was disclosed in the middle of trial. On this record, the only conclusion to be drawn is that defendant forfeited whatever right he had to demand production of the [evidence] and, consequently, he cannot complain about the People's failure to preserve it" (*People v Allgood*, 70 NY2d 812, 813; *People v Greenwood*, 166 AD2d 353, 355, *lv denied* 77 NY2d 839). We note that the present record resolves this purely legal issue (*compare, People v Nieves*, 67 NY2d 125, 136). Furthermore, defendant was not prejudiced by the inadvertent loss, which he exploited to his advantage.

The court properly refused to charge the defense of justification, since this defense had no applicability to the charges against defendant and the issues developed at trial (*see, People*

*v Pons*, 68 NY2d 264, 265; *People v McManus*, 67 NY2d 541, 545-546). The court's instructions concerning the elements of the crimes charged sufficiently covered defendant's contentions.

As the People concede, the maximum permissible sentence for defendant's third degree robbery conviction is $3^1/2$ to 7 years. In view of the concurrent sentence of 7 to 14 years, which still stands, and the court's clear intentions with respect to the robbery conviction, there is no need to remand for resentencing and we modify accordingly (*People v Curry*, 209 AD2d 357, 358, *lv denied* 85 NY2d 908).

We have considered defendant's remaining arguments, including those raised in his *pro se* supplemental brief, and find them to be without merit. Concur—Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.