THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BURCH, Appellant. [669 NYS2d 299] —Motion by the defendant for reargument of an appeal from a judgment of the Supreme Court, Queens County (Berke, J.), rendered November 16, 1994, as amended November 22, 1994, which was decided by decision and order of this Court dated April 28, 1997.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, the decision and order of this Court dated April 28, 1997 is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berke, J.), rendered November 16, 1994, as amended November 22, 1994, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of stolen property in the third degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment, as amended, is modified, on the law, by reversing the convictions of robbery in the first degree (two counts) and robbery in the second degree (two counts); as so modified, the judgment, as amended, is affirmed, and a new trial is ordered on those counts.

Where the People fail to exercise due care in preserving *Rosario* material and the defendant is prejudiced thereby, the trial court must impose an appropriate sanction and its failure to do so requires reversal (*see, People v Joseph,* 86 NY2d 565).

In this case, the trial court erred in refusing to impose any sanction, and a new trial is required in light of this prejudice to the defendant.

The defendant made a timely request for the tape recording of a telephone call made to the 911 emergency number (hereinafter the 911 tape). In addition, the People made a separate timely request for the tape from the police department. However, by the time the People made follow-up requests, they had good reason to believe that the tape had been destroyed pursuant to police procedure. This delay on the part of the People reflects a failure to exercise due care (*see, People v Huynh,* 232 AD2d 655). Moreover, a defendant is prejudiced where, as in this case, identification is an issue and the destroyed *Rosario* material contains a witness's description of the perpetrator (*see, e.g., People v Anderson,* 222 AD2d 442).

Where the 911 tape was destroyed and was thus no longer available for judicial inspection, it cannot be deemed the "duplicative equivalent" of the so-called "Sprint report", the contents of which were disclosed to the defendant (*see, People v Huynh, supra*).

However, the prejudice only extends to the robbery counts. Whatever description was contained on the 911 tape would have been irrelevant to a determination of the defendant's guilt on the charges of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree. Those charges were sustained by the uncontroverted fact that the victim's car was stolen and the testimony of the police officers who observed the defendant exit the stolen car, chased him on foot, and found him hiding on a garage roof in the middle of the night.

Moreover, contrary to the defendant's contention, which is unpreserved for appellate review (*see,* CPL 470.05 [2]), the trial court properly instructed the jurors that they could infer criminal possession from the defendant's recent possession of the stolen property (*see, People v Torres,* 231 AD2d 594).

The defendant's remaining contentions are without merit. Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur. [*See,* 238 AD2d 601.]