◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SANZO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin, J.), rendered March 30, 1984, convicting him of criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree (two counts), and criminal sale of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The trial court did not err in permitting an undercover police officer to testify regarding a drug transaction between himself and the defendant which was not charged in the indictment. While the defendant had not invoked the defense of entrapment, and the uncharged crime evidence could not be offered to prove the defendant's disposition to commit the crime *(see, People v Mann,* 31 NY2d 253, 260), it was properly admissible as proof of intent. The defendant's cross-examination of the officer put in issue his mental culpability during the first of the charged drug sales. Since his defense as to that transaction was that he was merely present at the scene of the sale *(see, People v Karchefski,* 102 AD2d 856, 857), the People could properly present evidence tending to prove that

he was acting in concert with his codefendant, i.e., that he had "solicit[ed], request[ed], command[ed], importun[ed], or intentionally aid[ed]" his codefendant *(see,* Penal Law § 20.00) in that particular drug sale. Evidence of a crime not charged in the indictment, i.e., that later the same day he arranged and carried out a sampling of drugs in order to promote a sale of additional quantities of the controlled substance sold in the first transaction, was probative of the defendant's mental culpability during that first transaction.

The court's failure to instruct the jury as to the limited purpose for which the uncharged crime was admissible, while error *(see, People v Beam,* 57 NY2d 241, 250; *People v Ricchiuti,* 93 AD2d 842, 845), must be considered harmless in light of the overwhelming evidence of guilt *(see, People v Crimmins,* 36 NY2d 230).

When the defendant first brought out on cross-examination that the undercover officer had identified him from a photograph, the prosecuting attorney purposefully elicited from the officer on redirect the fact that this photograph was a "Mugshot". Such conduct by the prosecutor was improper, since the only effect it could have was to imply to the jury that the defendant had previously been in trouble with the law *(see, People v Caserta,* 19 NY2d 18, 21). However, the testimony did not constitute improper bolstering, as there was no identification involved in this case and the defendant himself brought out the prior photographic identification. Thus, the line of cases dealing with the improper bolstering of identification testimony *(see, People v Trowbridge,* 305 NY 471) is inapposite.

The trial court's displeasure with defense counsel was not unwarranted, and in any case, was not displayed or expressed to the jury. Thus, it cannot be said to have prejudiced the defense.

Moreover, the sentence imposed was not excessive. Gibbons, J. P., Bracken, Niehoff and Kunzeman, JJ., concur.