■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEVILLE W. DAVIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered December 7, 1987, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unavailing the defendant's claim that the testimony of the accomplices was uncorroborated, and therefore insufficient to sustain his conviction for the instant offenses. A review of the record reveals that ample corroboration was supplied by the testimony of several police officers, which sufficiently connected the defendant with the commission of the crime *(see, People v Daniels,* 37 NY2d 624; *People v Sargente,* 133 AD2d 862).

In addition, we disagree with the defendant's contention, as set forth in his *pro se* supplemental brief, that the People's failure to turn over certain material constituted a *Rosario* violation *(see, People v Rosario,* 9 NY2d 286). We note that a prosecutor only has a duty to turn over to the defense all

statements made by prosecution witnesses which relate "to the subject matter of the witness' testimony" *(People v Rosario, supra,* at 290). At bar, the defense has failed to demonstrate that the material sought had any connection to the witness's testimony, and accordingly, the *Rosario* rule was not violated.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). We also note that the imposed sentence is proper in all respects *(see,* Penal Law § 70.06 [3]).

Finally, we have reviewed the defendant's contention that he was denied effective assistance of counsel, and find it to be without merit *(see, People v Rivera,* 71 NY2d 705; *People v Sullivan,* 153 AD2d 223). Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.