■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH NESBITT, Appellant. [646 NYS2d 522] —Appeal by the de-

fendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered May 26, 1994, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant allegedly sold narcotics to an undercover police officer. The officer dictated the complaint reports onto audiotapes, which were later transcribed into typed reports. At the time of trial, the audiotapes were no longer available.

We agree with the defendant's contention that, had the audiotapes been available, the People would have been required to produce them (see, CPL 240.45 [1] [a]; People v Rosario, 9 NY2d 286, cert denied 368 US 866). Because the audiotapes are no longer available for judicial inspection, they cannot be deemed the "duplicative equivalents" of the complaint reports (see, People v Joseph, 86 NY2d 565). Considering the possible significance of the material in question and its relevance to the issues at trial, it was an improvident exercise of the trial court's discretion to deny the defendant's request for an adverse inference charge (see, People v Joseph, supra; People v Wallace, 76 NY2d 953). In light of this prejudicial error, a new trial is required.

For the purposes of retrial, we reject the defendant's contention that he was entitled to an adverse inference charge with regard to the People's failure to provide documentation of the serial numbers of the bills used in the transaction. Because there was no claim that the "buy money" was found in the defendant's possession, and the undercover officer's direct testimony did not relate to the serial numbers of the bills, the People would not have been required to produce the documentation in question (see, CPL 240.45 [1] [a]; People v Barrios, 163 AD2d 579; People v Davis, 160 AD2d 718).

The defendant waived his objection to any potential conflict of interest with regard to his trial counsel's prior representation of a confidential informant who was involved in the drug transaction (see, People v Jordan, 83 NY2d 785).

There is no merit to the defendant's contention that the undercover officer's testimony that he verified the defendant's identity by referring to a photograph at the precinct following the first transaction constituted improper bolstering (see, People v Sanzo, 122 AD2d 817). However, we note that it was improper for the prosecution to elicit testimony which implied

that the defendant had previously been in trouble with the law *(see, People v Caserta,* 19 NY2d 18, 21; *People v Sanzo, supra).* Bracken, J. P., Miller, Copertino and Krausman, JJ., concur.