■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. PIPER, Appellant. [664 NYS2d 941] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered June 2, 1994, convicting him of robbery in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim, the trial court did not improvidently exercise its discretion by denying the defendant's

application to relieve assigned counsel (*see, People v Tineo,* 64 NY2d 531; *People v Green,* 181 AD2d 693).

The defendant's claim that his conviction was not supported by legally sufficient evidence is not preserved for appellate review because it was not advanced with specificity on his motion for a trial order of dismissal (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sworn allegations in support of that branch of his omnibus motion which was to suppress identification testimony were insufficient to warrant a hearing on the issue of whether there was probable cause to arrest him (*see, People v Hightower,* 85 NY2d 988).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Mangano, P. J., Copertino, Altman and Goldstein, JJ., concur.