■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN BLUNT, Also Known as RASUN ALLAH, Appellant. [713 NYS2d 562] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered February 13, 1998, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the police had reasonable suspicion to stop him based upon radio transmissions, his close temporal and physical proximity to the site of the burglary, and the fact that he matched a radio-transmitted description (*see, People v Martinez,* 80 NY2d 444; *People v Private,* 259 AD2d 504; *People v Ellison,* 222 AD2d 693; *People v Jones,* 214 AD2d 683; *People v Johnson,* 102 AD2d 616). Since the arresting officer had a reasonable suspicion that the defendant had committed a crime, i.e., burglary, he was justified in approaching the defendant. The Supreme Court was correct in not suppressing the bracelet and ring which the defendant abandoned during his flight from the officer, and which were subsequently identified by the complainant as belonging to her and having been taken from inside her home (*see, People v Ramirez-Portoreal,* 88 NY2d 99; *People v Medina,* 107 AD2d 302; *People v Brown,* 40 AD2d 527).

The fact that the defendant was handcuffed during the subsequent showup, held within 20 minutes of the burglary and within close geographic proximity to the crime scene, did not create a substantial likelihood of misidentification (*see, People v Duuvon,* 77 NY2d 541; *People v Grassia,* 195 AD2d 607).

The defendant's claim that his conviction is not supported by legally sufficient evidence is not preserved for appellate review because it was not advanced with specificity on his motion for a trial order of dismissal (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Piper,* 242 AD2d 744, 745). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's claim that the verdict was against the weight of the evidence is meritless. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.