William R. PIPER, Petitioner–
Appellant,

v.

Leonard A. PORTUONDO, Superin-
tendent, Respondent–Appellee.

Docket No. 00–2726.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2003.

James E. Neuman, Mischel, Neuman &
Horn, P.C., New York, New York, for
Appellant.

Thomas C. Costello, Assistant District
Attorney (Thomas J. Spota, District Attor-
ney for Suffolk County) Riverhead, New
York, for Appellee.

PRESENT: FEINBERG, KEARSE,
and RAGGI, Circuit Judges.

SUMMARY ORDER

Petitioner–Appellant William R. Piper,
who is presently incarcerated serving
three consecutive sentences of ten years to
life on his June 2, 1994 New York State
conviction on three counts of second de-
gree robbery, *see* N.Y. Penal Law
§ 160.10, now appeals from the district
court's denial of his petition for a writ of
habeas corpus pursuant to 28 U.S.C.
§ 2254. Although his habeas petition

raised eleven challenges to his state conviction, the certificate of appealability granted by this court allows him to pursue only his claim that he was denied due process by the state court's admission of identification testimony purportedly tainted by suggestive lineup procedures. The state trial court, after an evidentiary hearing, specifically found the lineup procedures to be "non-suggestive." *People v. Piper*, Dkt. 2682–92 (Sup.Ct. Suffolk Co. Apr. 13, 1994). Piper's appellate challenge to this ruling was summarily denied as "without merit," *People v. Piper*, 242 A.D.2d 744, 745, 664 N.Y.S.2d 941, 942 (2d Dep't 1997), and leave to appeal was denied by the New York Court of Appeals, *People v. Piper*, 91 N.Y.2d 896, 669 N.Y.S.2d 10, 691 N.E.2d 1036 (1998).

We review the district court's denial of the writ *de novo*, but we review state court rulings on the merits that underlie the habeas challenge deferentially, granting habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court," or was "based on an unreasonable determination of the facts." *Dallio v. Spitzer*, 343 F.3d 553, 559–60 (2d Cir.2003) (quoting 28 U.S.C. § 2254(d)). Federal law presumes the correctness of a state court's factual determinations, with the petitioner carrying the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In applying these principles to an identification challenge, we note that the Supreme Court has ruled that the reliability of identification testimony is generally an issue for the jury unless suggestive pretrial procedures give rise to "a very substantial likelihood of irreparable misidentification." *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) (internal quotations omitted). Determining whether procedures are im-

permissibly suggestive requires a careful consideration of the totality of the circumstances. *See Neil v. Biggers*, 409 U.S. 188, 196, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

Piper raises three points to support his suggestiveness claim. First, he submits that certain lineup witnesses were told that a suspect was in custody. Although this court has criticized that practice, neither we nor the Supreme Court has ruled that such statements, by themselves, render a lineup impermissibly suggestive. *See Hodge v. Henderson*, 761 F.Supp. 993, 1007–08 (S.D.N.Y.1990), *aff'd*, 929 F.2d 61 (2d Cir.1991); *Sales v. Harris*, 675 F.2d 532, 538 (2d Cir.1982); *Styers v. Smith*, 659 F.2d 293, 297 (2d Cir.1981).

Second, Piper notes that although all six lineup participants wore caps, he was the only person whose hair was not completely concealed. Because three of the four lineup witnesses had described one of the robbers as having hair long enough to be visible beneath a cap, Piper submits that his appearance was sufficiently distinctive to give rise to a strong likelihood of misidentification.

This court has ruled that a lineup is unduly suggestive if the defendant is the only participant who meets the particular description of the perpetrator given by eyewitnesses. *See Raheem v. Kelly*, 257 F.3d 122, 134 (2d Cir.2001). Due process does not, however, require total uniformity of appearance. *See Jarrett v. Headley*, 802 F.2d 34, 41 (2d Cir.1986). The critical question is whether a defendant's appearance made him "so [stand] out" from the others in the lineup as to suggest unfairly that he "was more likely to be the culprit." *Id.* (internal quotations omitted); *accord United States v. Wong*, 40 F.3d 1347, 1359–60 (2d Cir.1994). That is not this case.

Specifically, the robber's hair length, a variable feature, was hardly the single dis-

tinctive characteristic in either the witnesses' descriptions or their lineup identifications. *Cf. Raheem v. Kelly,* 257 F.3d at 135–36 (noting that leather jacket was critical to both witnesses' description of suspect and identification of defendant). In addition to relating observations about the robber's height, weight, and skin color, witnesses noted his mustache and full beard. At the lineup, all participants had similar mustaches but none, including Piper, had a beard. Nevertheless, all witnesses who selected anyone from the lineup identified Piper as one of the robbers. Because the lineup photograph shows that all lineup participants were sufficiently physically similar to Piper in skin color, age, facial hair, weight, and dress to ensure that he was not unfairly singled out for misidentification, we conclude that the state court's decision to allow the jury to hear identification testimony was not contrary to, nor an unreasonable application of, Supreme Court precedent.

Finally, Piper complains that allowing multiple witnesses to be in the same precinct waiting room before or after the lineup was a suggestive procedure in that it afforded the witnesses the opportunity to discuss Piper's position in the lineup. The identifying witnesses, however, testified that they engaged in no such discussions. Implicit in the trial court's conclusion that the police procedures were not suggestive is a finding that this testimony was credible, which factual finding is subject to a " 'presumption of correctness,' " *Cotto v. Herbert,* 331 F.3d 217, 233–34 (2d Cir.2003) (quoting 28 U.S.C. § 2254(e)(1)).

Accordingly, the district court's denial of a writ of habeas corpus is hereby AFFIRMED.