■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE QUINONES, Appellant. [847 NYS2d 145]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered May 11, 2005, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's omnibus motion to suppress physical evidence and statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to suppress physical evidence and statements made to law enforcement officials because the police lawfully stopped and detained the defendant. The police had a founded suspicion that criminal

activity was afoot when they observed the defendant, who matched the general description of a robbery suspect in a radio call, in the stairwell of the building where the reported robbery occurred (*see People v Hollman*, 79 NY2d 181, 184-185 [1992]; *People v De Bour*, 40 NY2d 210, 223 [1976]). The defendant's attempted flight, combined with the temporal proximity between the reported robbery and the officers' arrival on the scene, gave the police reasonable suspicion to detain the defendant (*see People v Woods*, 98 NY2d 627 [2002]; *People v Wilson*, 5 AD3d 408 [2004]; *People v Sergeant*, 281 AD2d 438 [2001]; *People v Blunt*, 276 AD2d 495 [2000]).

The defendant's contention that the search of his duffel bag without a warrant constituted an unreasonable search and seizure, was not raised at the suppression hearing, and thus, it is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Brown*, 36 AD3d 931 [2007]).

Finally, the defendant's contention that his sentencing as a persistent felony offender violated his constitutional rights pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) is without merit (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *People v Hargroves*, 27 AD3d 765 [2006]). Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.