■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL CLARKE, Also Known as JAMAHL CLARKE, Appellant. [885 NYS2d 629]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mullen, J.), rendered March 1, 2007, convicting him of criminal possession of a weapon in the third degree (two counts) and criminal possession of marijuana in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of marijuana in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and a new trial is ordered on that count.

The defendant established that Detective Brian Terriberry's memo book was required to be disclosed (*see* CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286 [1961]). The Supreme Court erred

in denying the defendant's request for an adverse inference charge upon the People's failure to disclose the memo book, which was an appropriate sanction under the circumstances (*see People v Wallace,* 76 NY2d 953, 955 [1990]; *People v White,* 232 AD2d 436 [1996]; *People v Nesbitt,* 230 AD2d 755 [1996]). Moreover, there was "a reasonable possibility that the non-disclosure materially contributed to the result of the trial" (CPL 240.75; *see People v Joseph,* 86 NY2d 565, 570 [1995]). Accordingly, since Detective Terriberry's testimony related only to the charge of criminal possession of marijuana in the second degree, a new trial is required on that count.

The defendant's contention that the Supreme Court improperly responded to the juror's note is unpreserved for appellate review (*see People v Smith,* 49 AD3d 904, 905 [2008]; *see also People v Burgos,* 248 AD2d 547 [1998]). In any event, in responding to the note, the court adopted the course of action requested by defense counsel.

The defendants' contention that the evidence was not legally sufficient to support the verdict is not preserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's challenge to the search warrant is unpreserved for appellate review as he failed to object to the warrant's validity in the Supreme Court (*see* CPL 470.05 [2]; *People v Quinones,* 45 AD3d 874 [2007]; *People v Toellner,* 299 AD2d 567 [2002]) and, in any event, the contention is without merit (*see People v Green,* 10 AD3d 731, 731-732 [2004]; *see also People v Hunter,* 56 AD3d 684 [2008]).

The defendant's remaining contentions are without merit. Dillon, J.P., Eng, Belen and Hall, JJ., concur.