■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FELIX RIVERA, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Browne, J.), rendered August 21, 1987, convicting him of rape in the first degree, rape in the second degree, attempted sodomy in the first degree, incest and endangering the welfare of a child, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated October 31, 1989, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction based upon the alleged withholding of *Rosario* material.

Ordered that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction is granted, and a new trial is ordered; and it is further,

Ordered that the appeal from the judgment is dismissed in light of our determination on the appeal from the order. No questions of fact have been raised or considered.

The basis of the defendant's CPL 440.10 motion to vacate his judgment of conviction, is that a "DD-5 Complaint Follow-Up Report", which contained statements of prosecution witnesses, constituted *Rosario* material which the prosecutor failed to disclose to the defense during trial *(People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). The defendant's trial counsel averred that there was no copy of this report in his case file and that he had no recollection of ever having seen the report either before or during the trial. In denying the motion to vacate, the trial court held that other materials, which had been disclosed to the defense during the trial, were the duplicative equivalents of this particular DD-5 report. We disagree.

It is well settled that statements are not the duplicative equivalents of previously produced statements merely because they are harmonious or consistent *(People v Ranghelle,* 69 NY2d 56, 63; *People v Ray,* 140 AD2d 380, 383). When dealing with a failure to turn over *Rosario* material, the burden is on

the People to establish that the omitted material was duplicative *(People v Ray, supra)*. The People have failed to sustain their burden in the instant case.

The DD-5 Complaint Follow-Up Report which was the subject of the CPL 440.10 motion, relates to statements made by the complainant and her grandmother concerning the crimes charged. The other DD-5 report, which is the one referred to in the order denying the defendant's motion to vacate the judgment of conviction, relates to information concerning the circumstances of the defendant's arrest and a statement that defendant made to the police at that time.

Nor is the complainant's Grand Jury testimony the duplicative equivalent of the DD-5 report in question. Portions of the Grand Jury testimony were in direct conflict with the report. Moreover, the subject DD-5 report contains important details, such as the complainant's description of her efforts to resist the defendant and the grandmother's statements which were not included in the complainant's Grand Jury testimony.

The District Attorney's "Voluntary Disclosure Form", the "On Line Booking System Arrest Worksheet", and the Criminal Court Complaint likewise do not constitute duplicative equivalents of the form in question. The Voluntary Disclosure Form is in direct conflict with the subject DD-5 report in that the former indicates that the defendant did, in fact, insert his penis into the complainant's vagina and then attempted to anally sodomize her. While the Criminal Court Complaint charged the defendant with attempted rape in the first degree, it lacked the detail and comprehensiveness of the DD-5. The On Line Booking System Arrest Worksheet merely indicates that the defendant "did attempt to insert his penis into her vagina and did insert his penis into her mouth. Compl[ainant] was eleven yrs. old at the time". As was the case with the Criminal Court Complaint, the arrest worksheet lacked the specific details of the DD-5 and contained no statements of the complainant's grandmother.

In conclusion, the prosecution's failure to disclose to the defense the subject DD-5 report, which constituted nonduplicative *Rosario* material, warrants reversal of the order denying the defendant's motion to vacate the judgment of conviction. Accordingly, the judgment is vacated and a new trial is ordered. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.