■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO FIGUEROA, Appellant. [622 NYS2d 801] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Greenberg, J.), rendered March 5, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant was charged with robbery and related crimes stemming from a "carjacking". At the pre-trial *Wade-Dunaway* hearing, the investigating detective testified about the circumstances surrounding photographic and line-up identification procedures. During his testimony, he referred to some notes to refresh his recollection. In response to a question posed by the codefendant's counsel, the detective explained that he had written these notes prior to a scheduled court appearance one week earlier, summarizing the material in his case folder. Counsel for the defendant requested a copy of the detective's notes, but the court refused to order their production.

On appeal, the defendant contends that the court's refusal to order the production of the detective's notes constitutes a *Rosario* violation. We agree. The detective's notes constituted a written statement made by the witness relevant to the subject matter of his testimony, which the People were obligated to disclose (CPL 240.44 [1]; 240.45 [1] [a]). The People's contention that the detective's notes constituted the duplicative equivalent of the materials disclosed in the case folder and thus the failure to disclose the notes themselves was not violative of the *Rosario* rule, is erroneous. The People bear the burden of demonstrating that an undisclosed item is the duplicative equivalent of items actually disclosed *(see, People v Rivera,* 170 AD2d 544). In this case, the detective's notes were never disclosed, hence the People did not sustain their burden. Whether a document is the duplicative equivalent of another cannot be based on speculation *(People v Geathers,* 172 AD2d 134). Accordingly, because the People completely failed to disclose *Rosario* material, the judgment is reversed *(see, People v Young,* 79 NY2d 365).

The defendant's remaining contentions challenging the fairness of his trial are without merit. Bracken, J. P., Miller, Ritter and Goldstein, JJ., concur.