■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO FIGUEROA, Appellant. [631 NYS2d 403] —Motion by the People for reargument of an appeal from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered March 5, 1991, which was determined by decision and order of this Court dated February 21, 1995.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the motion is granted, the decision and order of this Court dated February 21, 1995 (212 AD2d 725) is recalled and vacated, and, upon reargument, the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered March 5, 1991, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for robbery in the first degree under the count in the indictment charging him with the theft of the Nissan Pathfinder, vacating the sentence imposed thereon, and directing a new trial on that count; as so modified, the judgment is affirmed.

The defendant was charged with two counts of robbery and related crimes stemming from two "carjackings" which oc-

curred on October 15 and 16, 1989, respectively. One concerned the carjacking of a Nissan Pathfinder (hereinafter the Pathfinder conviction) while the other concerned the carjacking of a Ford Mustang (hereinafter the Mustang conviction). At the pre-trial *Wade-Dunaway* hearing, Detective Wheeler, who investigated the October 15, 1989, Pathfinder carjacking, testified about the circumstances surrounding photographic and lineup identification procedures he conducted in regard to that case. During his testimony, he referred to some notes to refresh his recollection. In response to a question posed by the codefendant's counsel, the detective explained that he had written these notes prior to a scheduled court appearance one week earlier, summarizing the material in his case folder. Counsel for the defendant requested a copy of the detective's notes, but the court refused to order their production.

On appeal, the defendant contends that the court's refusal to order the production of the detective's notes constitutes a *Rosario* violation. We agree. Detective Wheeler's notes constituted a written statement made by the witness relevant to the subject matter of his testimony, which the People were obligated to disclose *(see,* CPL 240.44 [1]; 240.45 [1] [a]). The People's contention that the detective's notes constituted the duplicative equivalent of the materials disclosed in the case folder is unavailing. The People bore the burden of demonstrating that the undisclosed notes were the duplicative equivalents of statements actually disclosed *(see, People v Rivera,* 170 AD2d 544). In this case, the detective's notes were never disclosed before the hearing court and thus the People did not sustain their burden *(see, People v Geathers,* 172 AD2d 134). Accordingly, because the People completely failed to disclose relevant *Rosario* material, the defendant's Pathfinder conviction must be reversed *(see, People v Young,* 79 NY2d 365).

Reversal of the Mustang conviction, however, is not warranted. In *People v Baghai-Kermani* (84 NY2d 525), the Court of Appeals held that a *Rosario* violation infecting specified counts of an indictment does not automatically compel reversal of all simultaneously tried counts. Reversal is only required where there is a "reasonable possibility" that evidence supporting the counts tainted by the *Rosario* violation influenced the guilty verdict on the other counts *(People v Baghai-Kermani,* 84 NY2d 525, *supra,* at 532).

On appeal, the People have made Detective Wheeler's notes available for this Court's review and we find that they contain no mention of any matters concerning the Mustang carjacking. Therefore, no independent *Rosario* violation was committed

with respect to the Mustang conviction. In the absence of any indication that the jury's verdict regarding the Mustang conviction was influenced by the evidence relevant to the Pathfinder conviction, the *Rosario* violation which compels the reversal of the Pathfinder conviction, does not mandate the reversal of the Mustang conviction. While the failure to disclose *Rosario* material relevant to the Pathfinder conviction might have hampered the defense of that charge, the record does not support a conclusion that the defendant's ability to defend against the Mustang charge was in any way affected by the *Rosario* violation *(People v Baghai-Kermani,* 84 NY2d 525, *supra,* at 532). Moreover, in light of the overwhelming evidence of the defendant's guilt of the Mustang carjacking, including his apprehension while fleeing from the car during a police chase, we are satisfied that "there was no reasonable possibility that the evidence supporting the [Pathfinder conviction] influenced the guilty verdict[ ] on the [Mustang conviction]" *(People v Baghai-Kermani, supra,* at 532). Accordingly, that conviction need not be disturbed.

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Miller, Ritter and Goldstein, JJ., concur.