▣ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DENNIS, Appellant. [697 NYS2d 599] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered November 10, 1988, convicting defendant, after a jury trial, of murder in the second degree, criminal use of a firearm in the second degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 25 years to life, 12½ to 25 years, 7½ to 15 years and 3½ to 7 years respectively, unanimously reversed, on the law, the conviction vacated, and a new trial ordered.

The jury found that defendant shot a neighborhood acquain-

tance who had found his lost wallet and kept the money. He has been incarcerated since entry of the judgment. Defendant raises two meritorious claims of error in the conduct of his trial. First, he objects to the trial court's refusal to record the voir dire pursuant to Judiciary Law § 295 despite defense counsel's request. The People concede this point, but argue that a reconstruction hearing is the appropriate remedy. Second, defendant claims that the trial court wrongly allowed the prosecution to withhold *Rosario* material at the *Wade* hearing.

The shooting took place on August 15, 1987. Defendant was identified in a showup two weeks later by several individuals who knew him from the neighborhood and who were aware of the dispute that led to the victim's death. On July 6 and 7, 1988, *Wade* and *Huntley* hearings were held, at which Detective John Scianimanico was the sole witness. He testified about his conversations with these individuals, the identification procedure and whether the witnesses had previously known defendant. Three times during the *Wade* hearing, Detective Scianimanico referred to his notes to refresh his recollection. Each time, defense counsel asked to view those notes, expressing the belief that they constituted *Rosario* material which the prosecution had failed to provide as required. The Trial Judge denied these requests and ordered defense counsel to do the best he could without the notes.

Voir dire commenced on September 26, 1988. The record indicates that on several occasions, defense counsel was denied the opportunity to question certain jurors in depth, and was cut off by the court after only a couple of minutes. Yet because the Trial Judge refused defense counsel's requests to transcribe the voir dire, the substance of these interchanges and of defense counsel's objections to the prosecutor's questions went unrecorded, precluding meaningful appellate review. These errors warrant a new trial.

When a witness is called to testify in a criminal case, defense counsel is entitled to examine all of the witness's written statements related to the subject matter of the testimony (CPL 240.44 [1]; *People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866). Detective Scianimanico's notes clearly constituted *Rosario* material. Although the exact content of the notes is now unknown because of the prosecutor's and trial court's failure to ensure an adequate record, the notes obviously related to the subject matter of the officer's testimony. Otherwise, there would have been no need for the officer to refer to the notes to refresh his recollection of the identification procedures. *People*

*v Figueroa* (219 AD2d 667) is exactly on point. The People bear the burden of demonstrating that undisclosed notes used to refresh the officer's recollection at a *Wade* hearing are duplicative of materials previously turned over to the defense (*supra*, at 668). Here, as in *Figueroa*, "the detective's notes were never disclosed before the hearing court and thus the People did not sustain their burden" (*supra*, at 668). This is a per se error requiring reversal (*People v Quinones*, 139 AD2d 404, 406, *affd* 73 NY2d 988).

The trial court's unwarranted refusal to record the voir dire proceedings constitutes another ground for reversal. Judiciary Law § 295 states that at either party's request, all court proceedings must be recorded by the stenographer. As the People concede, the court erred in failing to obey this statute. In *People v Harrison* (85 NY2d 794), the trial court had refused to order the stenographer to record portions of the voir dire despite defense counsel's requests. The Court of Appeals reversed and remanded for a new trial, on the ground that the refusal to transcribe the voir dire effectively deprived the defendant of appellate review (*supra*, at 796). Although the absence of a stenographic record does not require reversal absent prejudice to the defendant, such prejudice will be found where the record cannot be reconstructed, because then the defendant will have no way to appeal the trial court's rulings (*supra*, at 796).

The same analysis applies here. On account of the trial court's failure to preserve a complete record, we know that defense counsel made objections to prosecution questions, but not what those objections were; we know that defense counsel made several unsuccessful requests for additional time to question venirepersons, but not what questions he wished to ask; and we know that his objection to a potential juror for cause was denied, but not what it was or why. Defendant thus lost any means of appellate review of these rulings.

We reject the People's suggestion of a reconstruction hearing. The trial occurred 11 years ago. Even if the original venirepersons could be located, it is highly improbable that they would have an accurate memory of counsel's questions, the answers given, the amount of time allowed for questioning, counsel's objections or any rulings by the trial court. The Assistant District Attorney who tried the case cannot be located, and the Judge and the original defense counsel (not the same as counsel for this appeal) cannot remember the trial, let alone the specific details of the voir dire. Indeed, this natural weakness of human memory is the reason why transcripts are required by law. As it is "virtually impossible" that anyone

involved in the case would be able to reconstruct the proceedings with the necessary accuracy, the proper remedy is a new trial (*People v Scott*, 70 NY2d 420, 426). Concur—Rosenberger, J. P., Tom, Mazzarelli, Saxe and Buckley, JJ.