■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD BRELAND, Appellant. [772 NYS2d 844]—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Cooperman, J.), both rendered October 20, 1997, convicting him of burglary in the first degree (four counts), robbery in the first degree (two counts), burglary in the second

degree (three counts), robbery in the second degree (two counts), criminal possession of a weapon in the third degree, and criminal impersonation in the first degree under Indictment No. 5313/95, and burglary in the first degree (two counts), robbery in the first degree (two counts), burglary in the second degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fifth degree under Indictment No. 5566/95, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of burglary in the first degree, robbery in the first degree, burglary in the second degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fifth degree under Indictment No. 5566/95 is unpreserved for appellate review (see CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.