[928 NE2d 683, 902 NYS2d 499]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. DALY, Appellant.

Argued March 22, 2010; decided May 4, 2010

APPEARANCES OF COUNSEL

*Law Offices of Thomas F. Liotti,* Garden City (*Thomas F. Liotti* and *Drummond C. Smith* of counsel), for appellant.

*Kathleen M. Rice, District Attorney,* Mineola (*Andrea M. DiGregorio* and *Tammy J. Smiley* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Whether violations of *People v Rosario* (9 NY2d 286 [1961]) and/or *Brady v Maryland* (373 US 83 [1963]), resulting in the reversal of convictions on certain counts, also require reversal of convictions on other, jointly tried counts is a question to be resolved on a case-by-case basis. Reversal of the jointly tried counts is required only if there is a "reasonable possibility that the evidence supporting the . . . tainted counts influenced the guilty verdicts on the other [counts]" (*People v Baghai-Kermani,* 84 NY2d 525, 532 [1994]).

Here, there is no reasonable possibility that the evidence supporting the tainted counts, which related to a robbery and

shooting at an off-track betting parlor, had a spillover effect on the other guilty verdicts, relating to an attempted robbery and shooting at a gas station. The documents that the People failed to disclose related exclusively to the off-track betting parlor counts. Moreover, there was strong, independent proof of the defendant's guilt on the gas station counts, including evidence that the defendant's revolver was the source of the bullet removed from the shooting victim; that the owner of the gas station and the victim identified defendant; that the owner, the victim and an attendant all recognized the perpetrator as a person they had previously seen at the gas station, who drove a pickup truck with the same identifying features as the defendant's truck; and that the defendant was identified in a lineup as the perpetrator of the gas station crimes. A thorough review of the record reveals no reasonable possibility that the *Rosario* and *Brady* violations had an impact on defendant's ability to defend against the gas station counts or otherwise influenced the verdicts on those counts.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.