[976 NE2d 223, 951 NYS2d 697]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINA SINHA, Appellant.

Argued May 30, 2012; decided June 27, 2012

## APPEARANCES OF COUNSEL

*Law Offices of Joel B. Rudin*, New York City (*Joel B. Rudin, Gerald L. Shargel* and *Terri S. Rosenblatt* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*David M. Cohn* and *Alan Gadlin* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant was convicted of several charges stemming from relationships she allegedly had with two underage students who attended a school where defendant was a teacher.

After her conviction, defendant moved, pursuant to CPL 440.10, to vacate her conviction, on the grounds, among others, that the People had violated their disclosure obligation by belatedly disclosing several e-mails, and by failing to disclose certain other information, which might have been used to impeach one of the alleged victims.

On a consolidated appeal, the Appellate Division, exercising its interest of justice jurisdiction, modified by reversing the conviction of bribing a witness, remanded that charge for a new trial and otherwise affirmed the judgment of Supreme Court (*People v Sinha*, 84 AD3d 35 [1st Dept 2011]). The Court found that the prosecution "failed to fulfill basic disclosure obligations that are essential to a fair trial," but also found that failure did not affect the remaining counts of defendant's conviction (*id.* at 38). On appeal to this Court, defendant argues that the disclosure failures by the prosecution require all the remaining counts of the conviction be reversed.

We have stated that whether *Brady* violations that result in the reversal of some counts also require reversal of the convictions on other counts is "a question to be resolved on a case-by-case basis" (*People v Daly*, 14 NY3d 848, 849 [2010]). "Reversal of the jointly tried counts is required only if there is a 'reasonable possibility that the evidence supporting the . . . tainted counts influenced the guilty verdicts on the other [counts]' "

(*id.*, quoting *People v Baghai-Kermani*, 84 NY2d 525, 532 [1994]).

■ The disclosure errors in this case related only to the impeachment of one of the two alleged victims, and the trial judge carefully instructed the jury to decide each count, pertaining to each victim, separately. In addition, there was strong evidence of defendant's guilt with respect to the remaining convictions that pertained only to the first victim who testified as to the history of his relationship and specific incidents of sexual abuse. As to the misdemeanor counts, criminal impersonation and false reporting, defendant essentially conceded her guilt at trial and overwhelming evidence supported those convictions. Thus, under the circumstances of this case, reversal was not required on the remaining counts as there is no reasonable possibility that the evidence supporting the alleged tainted count had a spillover effect on the other convictions.

Defendant further argues that her judgment of conviction and sentence should be reversed because the People failed to provide printouts, prior to trial, of several e-mails recovered from the hard drive of her computer.

CPL 240.20 (1) (c) provides that, upon a demand of the defendant, the prosecutor shall disclose and make available

> "[a]ny written report or document, or portion thereof, concerning a physical or mental examination, or scientific test or experiment, relating to the criminal action or proceeding which was made by, or at the request or direction of a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial, or which the people intend to introduce at trial."

Here, the prosecution provided defense counsel a "mirror" copy of the contents of defendant's computer's hard drive, as well as exact copies of other computer disks recovered from defendant's apartment. In addition, they supplied the forensic report prepared by a detective who analyzed the hard drive, which explained the software and methodology used to analyze it, as well as another forensic report, which noted that certain on-line names had been found and printouts of several files of interest, including e-mails and photographs. The reports did not specifically identify, however, an e-mail the prosecution used at trial.

■ The People properly complied with section 240.20 when they gave defense counsel copies of the forensic reports, prepared by the investigators who analyzed the hard drive. Those were the only "reports or documents" concerning scientific tests or experiments performed on the hard drive. Were the documents at issue of such a nature that they could only have been produced through the expertise of a qualified expert, our decision might be different; but there is no showing that this was the case here. The fact that the People did not print out the specific e-mail, which was available to defense counsel on the mirror copy of the hard drive, cannot be said to be a violation of the statute.

Defendant's remaining contentions are without merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.