■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUSTON BELVETT, Appellant. [963 NYS2d 204]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered February 2, 2010, convicting defendant, after a jury trial, of burglary in the first degree (three counts), burglary in the second degree, attempted robbery in the first degree, attempted robbery in the second degree (three counts), criminal possession of a weapon in the second degree (two counts) and unlawful possession of marijuana, and sentencing him to an aggregate term of 16 years, unanimously affirmed.

The court should have permitted cross-examination of two witnesses regarding whether they thought they could lose their New York City Housing Authority apartment based on drug-selling activity. Under the circumstances of the case, this line of inquiry was relevant to the witnesses' alleged motives to give false testimony. However, the error was harmless, given the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]) including testimony from multiple witnesses to the crime, as well as evidence of actions and statements by defendant that undermined his claim of innocence. There is no reasonable possibility that the restriction on cross-examination affected the verdict. Furthermore, defendant received a full opportunity to impeach these witnesses with regard to other matters relating to credibility.

Defendant's argument that the court committed reversible error by delivering an improper *Allen* charge (see *Allen v United States*, 164 US 492, 501 [1896]) is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we would find the court's instruction to the jurors that they return the next day to "attempt to resolve all the issues in this case [and] attempt to reach a unanimous verdict" was not "unbalanced and coercive so as to deprive defendant of a fair trial" (*People v Aponte*, 2 NY3d 304, 305 [2004]).

Defendant did not preserve his argument that the verdict sheet contained annotations that violated CPL 310.20, because defendant did not specifically object to the improper annotations (see *People v Goode*, 87 NY2d 1045 [1996]). Although defense counsel objected "on principle to any annotations" when the court disclosed its proposed annotations, he declined to provide input on the issue of annotations to distinguish between counts. We decline to review this claim in the interest of justice.

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Tom, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.