THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROBINSON, Appellant. [26 NYS3d 307]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, J.), rendered May 8, 2013, convicting him of robbery in the first degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the second statement he made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied suppression of his second written statement to law enforcement officials, which was made after he was advised of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). Considering the totality of the circumstances, the defendant's statement was voluntary (*see* CPL 60.45; *People v Marsden*, 130 AD3d 945, 947 [2015]; *People v Solorzano*, 94 AD3d 1153, 1154 [2012]).

Nor is there any merit to the defendant's contention that the statement should have been suppressed as fruit of the poisonous tree (*see People v Rodriguez*, 11 NY2d 279, 286 [1962]). The defendant, who was living in a boarding house at the time of the offense, was arrested after police officers found drugs and drug paraphernalia in his room. The evidence adduced at the suppression hearing showed that police officers investigating a recent robbery at gunpoint were granted access to the common areas of the boarding house by an individual who represented himself to be the house manager. When the police officers later knocked on the door to the defendant's room, he opened it and invited them to come inside and look around, if they wanted to.

"[W]here the searching officers rely in good faith on the apparent capability of an individual to consent to a search and the circumstances reasonably indicate that that individual does, in fact, have the authority to consent, evidence obtained as the result of such a search should not be suppressed" (*People v Adams*, 53 NY2d 1, 9 [1981]). The evidence adduced at the suppression hearing supported the conclusion that the police had the consent of the house manager to enter the common areas of the boarding house, and the defendant himself consented to police entry into and search of his room (*see People v Wells*, 143 AD2d 708, 709 [1988]; *People v Snow*, 128 AD2d 564 [1987]).

The defendant's contention that he was deprived of the right to a fair trial by the trial court's interference with the examination of one of the People's witnesses is without merit. A trial court has wide discretion in directing the presentation of evidence, but it must exercise that discretion appropriately and without prejudice to the parties (*see People v Arnold*, 98 NY2d 63, 67 [2002]). At times, a court must take a more active role in the presentation of evidence in order to clarify a confusing issue or to avoid misleading the trier of fact, but it should do so sparingly and without partiality, bias, or hostility (*see id.* at 67; *People v Moulton*, 43 NY2d 944, 945 [1978]). Here, the defendant was not deprived of the right to a fair trial by the court's brief questioning of one of the People's expert witnesses in order to clarify a confusing issue (*see People v Adams*, 117 AD3d 104, 109 [2014]).

The defendant's claim that the verdict sheet contained annotations that violated CPL 310.20 is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bruce*, 130 AD3d 938, 939 [2015]; *People v Belvett*, 105 AD3d 538 [2013]), and we decline to review it in the exercise of our interest of justice jurisdiction.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). As the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The defendant's remaining contention is without merit. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.