People v Pan (2025 NY Slip Op 02045)

People v Pan

2025 NY Slip Op 02045

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Renwick, P.J., Kapnick, Shulman, Rodriguez, Rosado, JJ. 

Ind. No. 870/20|Appeal No. 4060|Case No. 2022-05586|

[*1]The People of the State of New York, Respondent,
v
Ziliang Pan, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered December 2, 2022, convicting defendant, after a jury trial, of predatory sexual assault against a child and endangering the welfare of a child, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
The court properly granted the People's motion to amend the indictment to expand the timeframe for the continuing crime of predatory sexual assault against a child based on the victim's statements indicating that the charged abuse continued for several months beyond the end date originally stated in the indictment (see People v Sinha, 84 AD3d 35, 44-45 [1st Dept 2011], affd 19 NY3d 932 [2012]; see also People v Pabon, 28 NY3d 147, 154 [2016]; People v Mayette, 233 AD3d 1097, 1102 [3d Dept 2024]).
Defendant's argument that, independent of the motion to amend, the prosecutor constructively amended the indictment by eliciting allegations of criminal conduct different from that presented in the grand jury is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the challenged testimony was not improper where the indictment tracked the language of the statute, which does not require proof of a particular crime or type of sexual conduct (see People v Colletti, 73 AD3d 1203, 1206 [2d Dept 2010], lv denied 15 NY3d 772 [2010]).
Defendant's identification of various inconsistencies in the testimony of the child-victim does not warrant the conclusion that the verdict was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The victim testified specifically regarding 11 incidents of sexual assault among the scores of incidents in which he was molested by defendant, including numerous detailed descriptions of sexual conduct. While no other person witnessed defendant's horrific crimes, other evidence, including evidence of a marked change in the victim's behavior that correlated with the accusations of abuse, corroborated the victim's account.
We perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025