People v Rajib (2026 NY Slip Op 00026)

People v Rajib

2026 NY Slip Op 00026

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J., Manzanet-Daniels, Gesmer, Higgitt, Michael, JJ. 

Ind. No. 72939/22|Appeal No. 5505|Case No. 2023-04595|

[*1]The People of the State of New York, Respondent,
vRejaul Hasan Rajib, Appellant.

Criminal Appeals Advocates P.C., New York (Lauren E. Allu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered August 9, 2023, convicting defendant, after a jury trial, of five counts of predatory sexual assault against a child and three counts of sexual abuse in the first degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
Defendant's ineffective assistance claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by the record, regarding counsel's strategy and preparation (see People v Ceballos, 189 AD3d 414, 415 [1st Dept 2020], lv denied 37 NY3d 971 [2021]). In the absence of a CPL 440.10 motion, the merits of defendant's ineffectiveness claims may not be addressed on direct appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant did not show that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
Since defense counsel consented to the annotated verdict sheet and had no objections to the charge, defendant's current arguments concerning these matters are waived or unpreserved, and we decline to reach them in the interest of justice (People v Santos, 41 AD3d 324, 325 [1st Dept 2007], lv denied 9 NY3d 926 [2007]; see also People v Belvett, 105 AD3d 538, 538 [1st Dept 2013], lv denied 21 NY3d 1040 [2013]). As an alternative holding, we find that the verdict sheet comported with CPL 310.20(2) (see People v Lewis, 23 NY3d 179, 186-187 [2014]).
The court properly granted the People's motion to amend the indictment to modify or expand the timeframes of certain of the charged crimes based on the trial evidence (see People v Pan, 237 AD3d 482, 482 [1st Dept 2025], lv denied 43 NY3d 1047 [2025]; People v Sinha, 84 AD3d 35, 44-45 [1st Dept 2011], affd 19 NY3d 932 [2012]). The amendment of the timeframes did not change the prosecution's theory as reflected in the evidence before the grand jury. It also did not prejudice defendant on the merits (see People v Mayette, 233 AD3d 1097, 1102 [3d Dept 2024], lv denied 43 NY3d 945 [2025]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026