People v Breland
2026 NY Slip Op 02848
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, appellant,
v
Chad Breland, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2023-03244, (Ind. No. 5313/95)
Betsy Barros, J.P.
Cheryl E. Chambers
Janice A. Taylor
Elena Goldberg Velazquez, JJ.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher J. Blira-Koessler of counsel), for appellant.
Justin C. Bonus, Forest Hills, NY, for respondent.

[*1]
DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Michelle A. Johnson, J.), dated January 31, 2023, which, without a hearing, granted that branch of the defendant's motion which was pursuant to CPL 440.10(1) to vacate a judgment of the same court (Arthur J. Cooperman, J.) rendered October 20, 1997, convicting him of burglary in the first degree (four counts), robbery in the first degree (two counts), burglary in the second degree (three counts), robbery in the second degree (two counts), and criminal impersonation in the first degree, upon a jury verdict, and imposing sentence, and, in effect, for a new trial on the ground of spillover prejudice.
ORDERED that the order is reversed, on the law, that branch of the defendant's motion which was pursuant to CPL 440.10(1) to vacate the judgment rendered October 20, 1997, and, in effect, for a new trial on the ground of spillover prejudice is denied, the judgment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
The defendant was convicted, after a jury trial, of robbery in the first degree and related crimes, which allegedly were committed on two separate dates, November 13, 1995, and November 27, 1995 (see People v Breland, 5 AD3d 604). Subsequently, the Conviction Integrity Unit of the Queens County District Attorney's Office moved, jointly with the defendant, to vacate the convictions based on the acts on November 27, 1995, based upon, among other things, new evidence that the fingerprints of a confidential informant, who had previously implicated the defendant in both robberies but did not testify at trial, were found at crime scene of the acts on November 27, 1995.
Thereafter, the defendant filed a motion pursuant to CPL 440.10(1) to vacate the judgment of conviction, arguing, inter alia, that spillover prejudice from the evidence related to the now-dismissed counts related to the acts on November 27, 1995, had tainted the jury's consideration of the counts related to the acts on November 13, 1995, and required vacatur of the convictions on those counts and, in effect, for a new trial. The Supreme Court granted that branch of the defendant's motion which was to vacate the judgment of conviction on the ground of spillover prejudice. The People appeal.
"Whether an error in the proceedings relating to one count requires reversal of convictions on other jointly tried counts is a question that can only be resolved on a case-by-case basis, with due regard for the individual facts of the case, the nature of the error and its potential for prejudicial impact on the over-all outcome" (People v Baghai-Kermani, 84 NY2d 525, 532). "[T]he paramount consideration in assessing potential spillover error is whether there is a reasonable possibility that the jury's decision to convict on the tainted counts influenced its guilty verdict on the remaining counts in a meaningful way" (People v Doshi, 93 NY2d 499, 505 [internal quotation marks omitted]). "By contrast, where the jury's decision to convict on the tainted counts had only a tangential effect on its decision to convict on the remaining counts, no reversal is warranted" (id. [internal quotation marks omitted]). "Spillover analysis is highly case-specific," requiring an evaluation of "the individual facts of the case, the nature of the error and its potential for prejudicial impact on the over-all outcome" (People v Allen, 32 NY3d 611, 620 [internal quotation marks omitted]).
Contrary to the Supreme Court's determination, the defendant's contention of spillover prejudice is without merit. The court based its determination, in part, on its finding that the confidential informant was a primary trial witness against the defendant. However, the informant did not testify at the defendant's trial. Under the circumstances, the spillover effect from the tainted counts, related to the crimes on November 27, 1995, on the remaining counts, related to the crimes on November 13, 1995, was only tangential (see People v Sinha, 19 NY3d 932, 935; People v Daly, 14 NY3d 848, 849-850; People v Baghai-Kermani, 84 NY2d at 533; People v Figueroa, 219 AD2d 667, 669).
The evidence related to the tainted counts of the crimes on November 27, 1995, was not tied to the counts of the crimes on November 13, 1995, and vice versa. Moreover, there was strong, independent proof of the defendant's guilt on the counts of the crimes on November 13, 1995, which included a positive lineup identification by one of the victims, as well as the defendant's admission following his arrest to serving as a lookout during the crime (see People v Daly, 14 NY3d at 850; People v Fletcher, 203 AD3d 947, 948; People v Figueroa, 219 AD2d at 669). The Supreme Court also instructed the jury "to separate in [their] mind the evidence applicable solely to each incident and return a verdict on each count based solely on the evidence applicable to that count." The jury is presumed to have followed the court's instructions (see People v Stone, 29 NY3d 166, 171).
Accordingly, under the circumstances of this case, there was no reasonable possibility that the evidence supporting the tainted counts pertaining to the robbery on November 27, 1995, had a spillover effect on the other counts (see People v Sinha, 19 NY3d at 935; People v Daly, 14 NY3d at 849-850; People v Francis, 303 AD2d 598, 599-600; People v Figueroa, 219 AD2d at 669). As the jury's decision to convict on the tainted counts had, at most, a tangential effect upon its decision to convict on the remaining counts pursuant to the robbery on November 13, 1995, vacatur of the defendant's convictions related to the robbery on November 13, 1995, was unwarranted on the ground of spillover prejudice (see People v Doshi, 93 NY2d at 505).
Because the Supreme Court vacated the judgment of conviction on the ground of spillover prejudice and did not reach the other grounds raised by the defendant, we remit the matter to the Supreme Court for consideration of the issues that were properly raised by the defendant on his motion but not yet determined (see CPL 470.15[1]; People v Muhammad, 17 NY3d 532, 547; People v Concepcion, 17 NY3d 192, 195).
BARROS, J.P., CHAMBERS, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court